## P. B. Watson, Executor, v. Isabella McClane.

Delivered February 24, 1898.

1. **Execution Levy and Deed Thereunder—Description of Land.**

A description of land in a levy of execuuon and in the deed thereunder which re· fers to the record of the report of commissioners of partition and judgment of court allotting the tract, is sufficient, since evidence aliunde is admissible to aid such description.

2. **Judgment for Costs—Nonresidents—Publication.**

A judgment for costs in a partition suit against unknown heirs, rendered upon citation by publication, is void as to such of them as were nonresidents, but valid as to those who were residents at the time.

Appeal from Orange. Tried below before Hon. Stephen B. West.

*Ford, Stone & Ford* and *W. B. Powell,* for appellant.

*Holland & Link* and *J. T. Adams,* for appellee.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellant in the District Court of Newton County against the appellee to recover 704 acres of land, a part of the William Guthrie league and labor, situated in said county. The venue was afterwards changed to the county of Orange. The land sued for is a part of a tract of 954 acres set apart to the unknown heirs of William Guthrie in a suit for partition in the District Court of Newton County brought by D. R. Wingate and known on the docket of said court as No. 309, D. R. Wingate v. Heirs of William Guthrie, and the right of the appellant to recover depends upon the validity of a judgment against the unknown heirs for costs in that suit and of an execution sale thereon. The suit for partition was filed on the 3d day of April, 1878, and the plaintiff therein alleged that he was the owner of 3281 acres of the William Guthrie league and labor, and that Susan Simmons and other heirs whose names and places of residence were unknown to him owned the balance of said survey. He prayed that Susan Simmons be personally cited, and that the other heirs be cited by publication and for partition. An affidavit was made and filed by an attorney that "the names of some of the heirs of William Guthrie, now deceased, are unknown to affiant," and citation to the unknown heirs of William Guthrie was duly published eight weeks; personal service was had upon the defendant, Susan Simmons. The defendant, Susan Simmons, filed an answer and claimed an interest of 400 acres in the land. The court appointed John T. Stark as attorney to represent the unknown defendants. He answered admitting plaintiff's allegations and joined in the prayer for partition. At the December term of the court, 1878, judgment was rendered decreeing that Wingate owned 3253 acres of the land; that Susan Simmons owned 398 acres, and that the unknown heirs of William Guthrie owned 954 acres, and decreed partition thereof. This judgment was entered on pages 305 and 306, Book A1 of the minutes of said court. Commissioners appointed to make partition filed their report by the next term of the court; and at the June term, 1879, the report came on to be heard, and the parties appearing by attorney, the unknown heirs of William Guthrie by John T. Stark, appointed by the court to represent them, whereupon the report of the commissioners was approved and partition decreed in accordance therewith. The tract of 954 acres was set apart to the unknown heirs of William Guthrie. This judgment taxed a fee of $50 against the said unknown heirs in favor of Stark for representing them, and awarded judgment and execution against all the parties for costs and for their pro rata share respectively. It recited fully that service had been duly perfected and is of record on pages 316 to 322, Book A1 of the District Court minutes of Newton County. The tract of 954 acres set apart to the unknown heirs of William Guthrie is fully described by metes and bounds in the report and in the judgment of the court. On July 5, 1879, an execution was issued on this judgment in favor of John T. Stark for $50 attorney's fee, and $18.77 costs against the unknown heirs of William Guthrie, deceased, which was levied upon

250 acres of the tract of 954 acres set apart as the property of the unknown heirs of William Guthrie. The land levied upon was fully described in the levy indorsed on the execution by metes and bounds, and was sold on the first Tuesday in September, 1879, to William M. Clark for $5.50. The costs of levy and sale were $5.25 and there was a credit on the execution of 25 cents, and a deed was executed to the purchaser. Another execution issued, same as the one above described, on December 31, 1879, except that it had thereon a credit of 25 cents from the former execution, and the costs named in it were $20.17. It was levied, as shown by return thereon, upon property of the unknown heirs of William Guthrie, deceased, as follows: "A certain tract or parcel of land, situated in Newton County, on the waters of Big Cypress Creek, tract of land described 3rd in the report of commissioners of partition, 954 acres of the headright league granted to the heirs of William Guthrie, save and except 250 acres sold on former execution; for further information examine minutes of the District Court, pages 317 and 318." The land was sold to M. D. Hines for $35, second Tuesday in February, 1880. The description in the deed to Hines is as follows: "704 acres of land, the headright of William Guthrie league, situated in Newton County, and on the waters of Big Cypress Creek, for a more fuller description reference is had to report of commissioners recorded in Book No. 2, page 321, minutes of the District Court, there being 954 acres and 250 acres sold to William Clark on former execution."

The case below was tried without a jury, and the court held that the recitation in the judgment that citation was duly perfected was conclusive against the unknown heirs of William Guthrie, although they might have been nonresidents of the State at the time, and that the personal judgment against them for costs and the fee of the attorney appointed to represent them was valid; but it further held that the description of the land in the levy indorsed on the execution and in the sheriff's deed to Clark was insufficient, and that the levy and sale under the execution were void for uncertainty of description of the land and passed no title to the purchaser at the sale, and rendered judgment in favor of the appellee. The appellant owns whatever title Hines acquired at the sale under the second execution. There is no statement of facts in the case, but at the request of the parties the trial judge filed conclusions of fact and law, and the facts above recited are from the conclusions of fact so filed.

We are of the opinion that the description is sufficient. There was a partition suit in the District Court of Newton County, in which the land was divided among the parties to the suit, and the tract of 954 acres set apart to the unknown heirs of William Guthrie was well defined and described by metes and bounds. The 250 acres sold under the first execution was described by metes and bounds, and was a well defined part of the 954 acres. When we come to examine the description of the tract of 704 acres in controversy, as shown by the levy indorsed on the second execution and in the deed from the sheriff to Hines, there appears to be

sufficient data of reference to the partition, and the 954 acres fully described therein, and the execution sale of the 250 acres, to enable an intending purchaser to identify the land. Evidence was admissible aliunde the description indorsed on the execution and in the deed to show and identify the tract referred to therein as the same tract set apart to the heirs of William Guthrie in the partition from which should be excepted the 250 acres previously sold. The reference in the deed to Book No. 2 of the minutes of the District Court may be disregarded as a false description. The report of the commissioners referred to and the judgment of the court making partition may be consulted wherever it may appear to be recorded in the minutes of the court, and will be found by following up the data furnished by the execution under which the sale was made, for that refers, in addition to other data contained therein, to a former execution issued in the same case upon which a levy is indorsed describing the 250 acres by field notes calling for the tract allotted by the partitioners to the unknown heirs of William Guthrie. Evidence would be admissible to show that there had been a partition and the description of the tract allotted to the unknown heirs of William Guthrie. Hermann v. Likens, 90 Texas, 448.

From the above conclusion, it follows that the judgment of the court below must be reversed unless the judgment in the partition suit which undertook to adjudge costs personally against the unknown heirs is invalid. A personal judgment against a nonresident upon citation by publication is void, and its nullity may be shown in a collateral attack notwithstanding the fact that the judgment may recite that service was duly perfected, and it may not appear from the record that the defendant was a nonresident. Northcraft v. Oliver, 74 Texas, 167; Pennoyer v. Neff, 95 U. S., 732; Lumber Co. v. Rhoades, 41 S. W. Rep., 105, and other authorities there cited. But it is said in Northcraft v. Oliver, supra: "We understand that authority holding that such service does not confer jurisdiction over a nonresident of the State does not extend any further, and we hold as heretofore that such service upon our own resident citizens made in pursuance of our statutes is binding." Hence the judgment in the partition would be void as to such of the unknown heirs only as may have been nonresidents of the State at the time, and to such of them as resided within the State it would be valid. Pool v. Lamon, 28 S. W. Rep., 363. The court below found, though indefinitely, that some of the unknown heirs were nonresidents, and this prevents rendition of judgment by this court. We have not passed upon the validity of the execution, because no question was made of its form in the court below, and the finding of the trial judge is too indefinite as to the contents thereof to enable us to do so.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*