## HUMBLE OIL & REFINING CO. et al.
## v. KIRKINDALL et al.
### No. 3323.

Court of Civil Appeals of Texas. Beaumont.

June 28, 1938.

Rehearing Denied Sept. 20, 1938.

Sam R. Fisher, W. C. Williamson, Williams, Lee, Sears & Kennerly, and T. J. Arnold, all of Houston, R. M. Briggs and A. L. Bevil, both of Kountze, C. W. Wiedemann, of Beaumont, and John T. Lindsay, of Port Arthur, for appellants.

Thos. J. Baten, W. D. Gordon, and W. S. Parker, all of Beaumont, and Coe & Coe and T. M. Jordan, all of Kountze, for appellees.

O'QUINN, Justice.

As tried in the lower court, this was an action in trespass to try title, on petition and answer, by appellees, M. F. Kirkindall, et al.—more than 30 in number—heirs of Mr. and Mrs. B. F. Kirkindall, dec'd, against appellants, Houston Oil Company of Texas, Republic Production Company, A. L. and J. L. Jones, J. W. Shine and J. F. Lindsey, to recover the title and possession of a certain triangular tract of land containing about 25 acres, a part of the B. F. Kirkindall homestead of 160 acres out of the Nelson and Brooks original surveys in Hardin County; the land in controversy was bounded on the west, for its full length, by the Silsbee-Spurger highway; on the north, a distance of about one-fifth of its W. B. line, by the N. B. line of the 160 acres; on the east, by a broken line made by the W. B. lines of subdivisions sold by Mr. and Mrs. B. F. Kirkindall out of the eastern portion of their homestead of 160 acres; this line on the south intersected the Silsbee-Spurger highway, the W. B. line of the tract of land in controversy. The land in controversy lies north and south, and from the north extends south about three-fourths of the distance across the 160 acres. Judgment was entered in the lower court, on an instructed verdict, in favor of appellees and against appellants for the title and possession of all the land in controversy, except certain mineral interests about which there is no controversy. From the judgment appellants have duly prosecuted their appeal to this court.

The issue of title grows out of the construction of a deed executed in 1918 to R. D. Kirkindall by the other heirs of Mr. and Mrs. Kirkindall, dec'd, wherein the land conveyed was described as follows:

"All that certain lot, tract or parcel of land situated in Hardin County, Texas, described as follows:

"1st Tract: Ten acres out of the O. C. Nelson League;

"2nd Tract: Eight acres out of the Geo. W. Brooks League, adjoining each other on the north line of the Brooks and south line of the Nelson near the N. W. corner of the Brooks and S. W. corner of the Nelson and being a part of the B. F. Kirkindall 160-acre homestead survey in said Hardin County, and being the remaining part of said homestead tract after deducting the various tracts which the said B. F. Kirkindall and his wife, the said Rebecca Kirkindall, have heretofore sold from said homestead tract and being all the interest that we own in the same."

In 1923 grantee, R. D. Kirkindall, by the same description conveyed this land to appellant Jones; the other appellants hold under Jones.

During their life time Mr. and Mrs. Kirkindall, dec'd, acquired title to their homestead of 160 acres; appellees offered that title in evidence, and rested. Appellants then offered in evidence a series of deeds by Mr. and Mrs. B. F. Kirkindall, dec'd, which, when platted on to the 160 acres by their calls for course and distance, and by a partial survey on the ground by a competent surveyor, left remaining unsold the land in controversy and the two tracts hereinafter referred to as tract No. 1 and tract No. 2, lying west of the Silsbee-Spurger highway, adjacent to the northern end of the land in controversy; tract No. 1 on the Nelson survey, containing 7.2 acres, and tract No. 2, immediately south of tract No. 1 on the boundary line between the Brooks and the Nelson surveys, containing 10.9 acres; the southeast corner of these two tracts, construed as one tract, was in the Silsbee-Spurger highway, about two-thirds of the distance of the west boundary line of the land in controversy, measured from its N. W. corner.

On the trial, appellees contended, and the court by its instructed verdict accepted that contention, that tracts Nos. 1 and 2, as above described, lying west of the Silsbee-Spurger highway, was the land conveyed by the deed of the heirs to R. D. Kirkindall. Appellants contended that the description in the R. D. Kirkindall deed, calling for two tracts of land, was void for uncertainty; and that all of the unsold portion of the B. F. Kirkindall homestead passed to R. D. Kirkindall by his deed from the heirs.

By their fifth proposition, appellants insist that the court erred in not sending to the jury the issue of "bona fide purchaser"; this point is not before us by assignment of error. Appellants fail to make a statement from the pleadings and evidence, supporting this proposition as one of fundamental error.

Appellants have no proposition that the lower court erred in refusing to submit to the jury any issue of fact on the construction of the deed from the heirs to R. D. Kirkindall. It is their contention that the "unsold portion of the 160-acre tract" passed to R. D. Kirkindall by the deed executed to him by the heirs in 1918, and that they were entitled to an instructed verdict or the land in controversy for the following reasons:

(1) "A deed must be construed as a whole and effect given to the paramount intention therein expressed. It is clear that the evident intention of the parties to the instant deed was to convey the undisposed of remainder of the 160-acre tract."

(2) "Effect will be given to all valid descriptive elements in a deed and the imperfect matters of description disregarded. No tracts of 8 and 10 acres, or combination aggregating 18 acres, recited in said deed, can be identified or located but the unsold part of the 160 acres can be identified and located by deeds previously executed, which are referred to."

(3) "Recitals as to quantity are last resorted to in identifying the property conveyed, and are never given paramount effect when such recitals are in conflict with the more dignified and reliable calls embraced in the deed."

(4) "The aforementioned deed from the heirs of R. D. Kirkindall is sufficient to pass the entire unsold portion of the B. F. Kirkindall 160 acres, notwithstanding an excess in acreage when considered in connection with the plaintiffs' testimony that they used the designation '8 acres, 10 acres' because such designation was found on the tax renditions made by their father in the years immediately preceding his death, and shows their evident intention to part with all property owned by them by inheritance from their father in the said 160 acres, under the rule that a construction of a deed, which harmonizes all apparently conflicting elements, will be adopted."

The legal propositions invoked by appellants, as general propositions of law, are sound; but on the facts of this case do not control the construction of the R.

D. Kirkindall deed. The facts, clearly established by the parol evidence, are as follows: In making their conveyance to R. D. Kirkindall the heirs thought that tracts Nos. 1 and 2 constituted all the unsold portion of the B. F. Kirkindall homestead of 160 acres, and in accepting his deed R. D. Kirkindall thought the heirs were conveying to him only tracts Nos. 1 and 2. At the time of their death Mr. and Mrs. Kirkindall thought that they had sold all their homestead except tracts Nos. 1 and 2; these two tracts were under fence and were cultivated, used and enjoyed by Mr. and Mrs. B. F. Kirkindall as their home, to the exclusion of all other portions of the original 160 acres. In rendering the land for taxes Mr. and Mrs. B. F. Kirkindall rendered it as tracts No. 1 and 2, as described in the R. D. Kirkindall deed—the description in that deed was taken from the tax rolls. The land was not surveyed when the heirs conveyed to R. D. Kirkindall but, as just stated, the description in their deed to him was taken from the tax renditions made by Mr. and Mrs. B. F. Kirkindall as their remaining interest in their homestead of 160 acres. During the five years that R. D. Kirkindall lived upon and claimed tracts Nos. 1 and 2—that is, up to and prior to his sale to appellant Jones—he never extended his claim east of the Silsbee-Spurger highway. Immediately after purchasing the land from the heirs, R. D. Kirkindall took possession of tracts Nos. 1 and 2, and of only tracts 1 and 2, and claimed it as it was at that time held under fences. The homestead of 160 acres is in the form of a square and the boundary lines between the Nelson survey on the north and the Brooks survey on the south crosses the north end of the 160 acres, putting about 40 acres in the Nelson survey and about 120 acres in the Brooks survey—a rough estimate from the plat in evidence.

On appellees' contention the 7.2 acres—tract No. 1—is near the southwest corner of the Nelson survey, and the 10.9 acres —tract No. 2—is near the northwest corner of the Brooks survey; tracts Nos. 1 and 2 adjoin each other "on the north line of the Brooks and the south line of the Nelson". On appellants' construction of the R. D. Kirkindall deed, the land conveyed would be practically in the center of the 160 acres and would extend from the north boundary line south more than three-fourths the distance across the 160 acres.

The deed, by its description, calls for two tracts—one on the Nelson survey and one on the Brooks survey; as appellants would construe the deed the description would include four tracts of land—tracts Nos. 1 and 2, conceded to them by appellees, and the two tracts east of the Silsbee-Spurger highway, divided by the boundary line between the Nelson survey and the Brooks survey. The deed calls for 10 acres out of the Nelson survey and 8 acres out of the Brooks survey—tract No. 1 on the Nelson survey contains 7.2 acres and tract No. 2 on the Brooks survey contains 10.9 acres, not a sharp variation in quantity. Appellants would construe the deed as not only conveying tracts Nos. 1 and 2, but a second tract on the Nelson survey, east of the Silsbee-Spurger highway, containing more than tract No. 1, and another tract on the Brooks survey east of the Silsbee-Spurger highway containing much more than tract No. 2. When Jones took his deed from R. D. Kirkindall the chain of title included a second deed to R. D. Kirkindall, made four months after his deed from the heirs, from V. E. Kirkindall, guardian of his brother's minor children, in which the land was described as follows: "All the interests of V. Clinton Kirkindall and Ethel Kirkindall, minors, in the estate of B. F. Kirkindall, deceased, said estate consisting of two tracts of land totalling eighteen acres of land, the same being known as the B. F. Kirkindall home place in Hardin County, Texas."

This deed, by its particular description, described the land "as the B. F. Kirkindall home place in Hardin County, Texas" —the very land claimed by R. D. Kirkindall under his deed from the other heirs, and conceded to appellants by appellees.

■ The canons of law for the construction of deeds are for the purpose of discovering the intent of the makers. On this point, in Holman v. Houston Oil Co., Tex.Civ.App., 152 S.W. 885, 891, the court said [page 890]: "All of the rules for construction of written instruments tend to one end, to discover the real intent of the maker. This is the end and prime purpose of the rule that, where there is a repugnance between the particular and the general description of the thing conveyed in a deed, the general description must yield to the particular, because that is presumed to more certainly express the intention of the maker."

In 14 Tex.Jur. 910, it is said: "In modern times the more sensible rule obtains, in all cases, to ascertain and give effect to the intention of the parties as gathered from the entire instrument, together with the surrounding circumstances, unless such intention is in conflict with some unbending canon of construction or settled rule of property, or is repugnant to the terms of the grant."

Again, in 17 Tex.Jur. 881, it is said: "Parol evidence is admissible to aid or explain an ambiguous description of the subject matter of an instrument, and to identify the subject matter or apply the terms of the writing thereto. So, where on applying the description in an instrument to the subject matter an ambiguity or doubt arises as to its meaning or as to whether certain property was intended to be included in the description, parol evidence is admissible to show the parties' intention."

In deducing "the intent" of the grantees in their execution of their deed to R. D. Kirkindall, and "his intent" in accepting that deed, parol evidence was admissible, see 17 Tex.Jur. 881, supra; the parol evidence shows beyond controversy that the land conveyed on "the intent" of the parties was tracts Nos. 1 and 2, conceded to appellants by appellees. There was of course a "repugnance" between the "particular" and the "general" descriptions of the land conveyed; therefore, the "general" must yield to the "particular" unless such a construction violates the general canons of construction invoked by appellants. It is our conclusion that the principles of law invoked by appellants do not make void the particular description.

When he bought from R. D. Kirkindall, Jones was put on notice that the 18 acres was known "as the B. F. Kirkindall home place in Hardin County"; that "particular" description fits exactly, and identifies tracts Nos. 1 and 2. Jones was buying 18 acres of land; tracts Nos. 1 and 2 included 18.1 acres of land. The 18 acres of land was near the N. W. corner of the Brooks survey and the S. W. corner of the Nelson survey; that description fits exactly tracts Nos. 1 and 2, and excludes the land in controversy east of the Silsbee-Spurger highway. It seems to us that every element of the "particular" description can be given effect, when construed "together with the surrounding circum-

stances", as authorized by the proposition quoted from 14 Tex.Jur. 910, supra.

Without analyzing their facts, we think this case falls within the rule announced in Clark v. Regan, Tex.Civ.App., 45 S.W. 169, and Holman v. Houston Oil Co., supra. On authority of these two cases, and the general principles of law discussed above, the lower court correctly instructed the verdict in favor of appellees.

The rule announced by this court in Texas & N. O. Ry. Co. v. Orange County, 206 S.W. 539, Mr. Chief Justice Hightower writing the opinion, is controlling on the facts of this case, as between grantee Kirkindall and the heirs; appellants stand in the shoes of grantee, R. D. Kirkindall. In that case Judge Hightower said [page 544]: "There is another rule of construction that might be applicable here if it were necessary to invoke its application, which is that where the parties to an instrument in writing have by their acts and conduct placed a construction upon the same, showing the intention of the parties executing the same, then such acts and conduct should be given strong weight by the courts in arriving at the intention of the parties in the execution of the instrument, and, in the absence of clear language in such instrument indicating an intention to the contrary of the parties as expressed by their acts and conduct, the courts should adopt the construction of such instrument as placed upon it by the parties thereto."

When R. D. Kirkindall took possession of the land conveyed to him by the other heirs, he took possession only of tracts Nos. 1 and 2, and claimed no other land; these facts invoke directly the case cited.

Appellants have almost the exact acreage called for by their deed, and a small excess which is conceded to them. They would add to their claim about 25 acres of land, never claimed by their grantor, and within the description of their deed only by including and declaring void the particular description, which excludes the 25 acres.

The evidence did not raise the issue of limitation in favor of appellants. Their possession was limited to tracts Nos. 1 and 2. Since the land in controversy was not within the calls of their deed, they never had it in possession.

The judgment of the lower court is in all things affirmed.