HOUSTON OIL COMPANY OF TEXAS ET AL V. M. F. KIRKINDALL ET AL.

No. 7506. Decided January 1, 1941.
Rehearing overruled February 19, 1941.
(145 S. W., 2d Series, 1074.)

104

*C. W. Wiedeman,* of Beaumont, *John T. Lindsay,* of Port Arthur, *R. M. Briggs,* of Silsbee, *T. J. Arnold, W. C. Williamson, Williams, Lee, Sears & Kennerly, Sam R. Fisher* and *J. J. Lee,* all of Houston, and *A. L. Bevil,* of Kountze, for plaintiffs in error.

The deed from the heirs of B. F. and Rebecca Kirkindall to R. D. Kirkindall is sufficient to pass the entire unsold part of the 160 acre tract, notwithstanding an excess of acreage above the recited 18 acres, under the rule that effect will be given to all valid descriptive elements in a deed and the imperfect matters of description disregarded. Arambula v. Sullivan, 80 Texas 615, 16 S. W. 436; Cartwright v. Trueblood, 90 Texas 535, 39 S. W. 930; Hunter v. Morse, 49 Texas 219.

The said deed is sufficient to pass the entire unsold part of the 160 acres by reference to deeds previously executed by the said B. F. Kirkindall, notwithstanding the excess of 18 acres, under the rule that a deed must be construed as a whole

and effect must be given to the paramount intention therein expressed, which, in the instant deed, was that the parties intended to convey the undisposed remainder of the 160 acre tract. Merriman v. Blalack, 121 S. W. 552; Sun Oil Co. v. Burns, 125 Texas 549, 84 S. W. (2d) 442.

*W. S. Parker, G. D. Baten* and *W. D. Gordon,* all of Beaumont, and *B. A. Coe* and *J. M. Jordon,* both of Kountze, for defendants in error.

It was not error on the part of the court to refuse to sustain appellant's assignments of error because the excess consisted of two tracts of land of ten and eight acres respectively and were shown to be separate and apart from the remaining unsold portion of said survey and were also shown to have been accepted exclusively as a part conveyed, by the vendees, who limited their possession to such ten and eight acres bounded on the east of the highway. Reagan v. Hatch 91 Texas 616, 45 S. W. 386; Kingston v. Pickins, 46 Texas 99; Holman v. Houston Oil Co., 152 S. W. 885.

Mr. Justice Critz delivered the opinion of the Court.

As tried in the district court, this is an action in trespass to try title. M. F. Kirkindall et al, more than thirty in number, as heirs of B. F. Kirkindall and wife, Rebecca Kirkindall, both deceased, sued Houston Oil Company of Texas and Republic Production Company, both corporations, and several individuals to recover the title and possession of a certain tract of land, consisting of about 25 acres, a part of the B. F. Kirkindall 160-acre homestead tract, out of the Nelson and Brooks original surveys in Hardin County, Texas. The case was tried with a jury in the district court. At the close of the evidence the trial court instructed a verdict for M. F. Kirkindall et al. The verdict was returned as directed, and judgment entered accordingly. On appeal by Houston Oil Company of Texas et al, this judgment was affirmed by the Court of Civil Appeals at Beaumont. 119 S. W. (2d) 731. Houston Oil Company of Texas et al bring error. We refer to the opinion of the Court of Civil Appeals for further statement. We, however, make such statement herein as we deem sufficient to make this opinion complete withtin itself.

It appears that the common source of title to the land here involved were B. F. Kirkindall and wife, Rebecca Kirkindall, both of whom were deceased prior to December 10, 1918. During the marriage of B. F. and Rebecca Kirkindall they acquired

and occupied as their community homestead a certain tract of land situated partly on the O. C. Nelson Original Survey or League and partly on the Geo. W. Brooks Survey or League, in Hardin County, Texas. This land can be identified of record in such county. While B. F. and Rebecca Kirkindall both still lived, they conveyed away several tracts of land out of the 160-acre tract above mentioned. The several tracts so conveyed away can also be identified of record in Hardin County.

After the deaths of both B. F. Kirkindall and Rebecca Kirkindall their community estate consisted of the Kirkindall 160-acre homestead tract, less what had been conveyed away, together with certain personal properties. Such personal properties consisted on December 10, 1918, of "horses, mules and hogs, cattle and the crops now on hand on the place," and some money. It appears that the B. F. and Rebecca Kirkindall 160-acre homestead tract was bisected by a public road. Some of the tracts sold off by B. F. and Rebecca Kirkindall were situated on the east of this road, and some on the west. The general direction of the road was north and south. It further appears that on December 10, 1918, the heirs of B. F. and Rebecca Kirkindall believed that the unsold part of the 160-acre tract lay west of the road, and consisted of about 18 acres. To say the least, no actual survey had ever been made, and the heirs did not know exactly what land was left. In fact, there was left about 18 acres on the west side of the road and some 25 acres on the east side.

With conditions as above detailed, on December 10, 1918, the heirs of B. F. and Rebecca Kirkindall agreed to a division and partition of the estate as reflected by the following partition instrument or deed:

"THE STATE OF TEXAS)
"COUNTY OF HARDIN  )
    "Know all men by these presents:
    "That we, M. F. Kirkindall of Sabine County, Texas, B. L. Kirkindall, L. S. Kirkindall, T. J. Kirkindall, C. B. Kirkindall, Mrs. Jane Eason, joined by her husband T. C. Cunningham, of Hardin County, Texas, Mrs. Ida Myers, joined by her husband William Myers, of Newton County, Texas, Mrs. Belle Burns, joined by her husband James Burns of Jasper County, Texas, heirs of B. F. Kirkindall and his wife Rebecca C. Kirkindall, dec. of the county of aforesaid, state of Texas, for and in consideration of the conveyance to us of all interest in the personal property owned by him in the estate of the said B. F. and Rebecca C. Kirkindall by R. D. Kirkindall, consisting of horses,

mules and hogs, cattle and the crop now on hand on the place, reserving his interest in all money now belonging to said estate, the receipt whereof is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said R. D. Kirkindall, of the County of Hardin, State of Texas, all that certain lot, tract or parcel of land situated in Hardin County, Texas, described as follows:

"1st Tract: Ten acres out of the O. C. Nelson league.

"2nd Tract: Eight acres out of the Geo. W. Brooks league, adjoining each other on the north line of the Brooks and the south line of the Nelson near the NW corner of the Brooks and theSW corner of the Nelson and being a part of the B. F. Kirkindall 160 acre homestead survey in said Hardin County, and being the remaining part of said homestead tract after deducting the various tracts which the said B. F. Kirkindall and his wife the said Rebecca Kirkindall have heretofore sold from said homestead tract and being all the interest that we own in the same.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said R. D. Kirkindall, his heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend, all and singular the said premises, unto the said R. D. Kirkindall, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness . . . hand at . . . this 10 day of Dec. A. D. 1918"

It appears that the certificates to the acknowledgements of two of the grantors in the above deed, who were married women, were defective. This will not affect the validity of the instrument, as will later appear.

■ An examination of the above instrument will disclose that, when considered as a partition deed, it contains an ambiguity or contradiction. This is because in one part of the description the land covered is a 10-acre tract and an 8-acre tract, while according to the general description the land covered or awarded to R. D. Kirkindall is all the 160 acres left after deducting the land theretofore sold therefrom. According to the evidence in this case, if the particular description is ignored, and the general description given effect, the land covered by the deed comprises some 25 acres more than the 18 acres particularly mentioned. In other words, it appears that at the time this deed was executed and delivered there remained unsold west of the

road above described about 18 acres of land on the Nelson and Brooks survey, and there also remained unsold to the east of the road about 25 acres. The 25 acres east of the road is the land in controversy. We agree with the holding of the Court of Civil Appeals that, if the above deed is ambiguous, in that it contains two descriptions of the land covered, parol evidence was admissible to show the intent of the parties, grantors and grantees. On the other hand, we are of the opinion that such deed is not ambiguous unless there is a conflict of description.

When we come to examine the above deed to ascertain what land was included therein, we find that it, by its express words, covers an 8-acre tract and a 10-acre tract. No attempt is made to describe these two tracts by metes and bounds. No line or corner is even referred to, except it is stated that the two tracts adjoin each other on the north line of the Brooks and the south line of the Nelson, near the N. W. corner of the Brooks and the S. W. corner of the Nelson. No attempt is made even to give the length of this line, and no corner at either end is even remotely referred to, except the statement "near the NW corner of the Brooks and the SW corner of the Nelson." Under all our authorities, if we were to treat this deed as a conveyance of land it would be utterly void for total want of description, if the particular description of the 10 acres and the 8 acres stood alone, and the deed did not contain the general description covering all unsold land in the 160-acre tract. Smith v. Sorelle, 126 Texas 353, 87 S. W. (2d) 703; Curdy v. Stafford, 88 Texas 120, 30 S. W. 551; Hunter v. Morse's Heirs, 49 Texas 219; 17 Tex. Jur., p. 888, sec. 402. Also, if this instrument should be treated as a deed of conveyance, since the 18-acre tract is undescribed, it would cover all unsold land in the 160-acre Kirkindall tract. Curdy v. Stafford, supra; Burroughs v. Farmer (Tex. Civ. App.), 45 S. W. 846; Cartwright v. Trueblood, 90 Texas 535, 39 S. W. 930; Smith v. Clay (Tex. Civ. App.), 57 S. W. 74; Hermann v. Likens, 90 Texas 448, 449, 39 S. W. 282; MacManus v. Orkney, 91 Texas 27, 40 S. W. 715; Focks v. Garcia (Tex. Civ. App.), 41 S. W. 187; Watson v. McClane, 18 Texas Civ. App., 212, 45 S. W. 176; 14 Tex. Jur., p. 1022, sec. 228. Simply stated, if this deed should be treated as a deed of conveyance, within the meaning of Subdivision 4 of Article 3995, R. C. S. 1925, there is no conflict of description, because there is no description that would meet the requirements of a conveyance, except the general description covering all unsold land. On the other hand, it is evident that if the description of the 8 and 10 acres can be supplied by parol evidence, then the instrument is conflict-

ing,—in that in one instance it would cover 18 acres, and in the other instance it would cover more than twice that much.

■■ When this deed is considered as a whole, it is beyond any question an instrument of partition, and not of conveyance. This is because the very consideration recited shows that the grantee was taking the land covered and intended by this deed as his share of the B. F. and Rebecca Kirkindall Estate; and the grantors were taking the personal property, money not included, as their share. The evidence is also conclusive on this question. Such an instrument is an instrument of partition, and not of conveyance. This is because, even though the partition of property vests each of the parties thereto with a separate ownership of the particular tract of land alloted to him, the transaction is deemed not to operate as a conveyance or transfer of title. "The partition is of the possession, and not of the title." 32 Tex. Jur., p. 146, sec. 2; Chace v. Gregg, 88 Texas 552, 32 S. W. 520; Davis v. Agnew, 67 Texas 206, 2 S. W. 43 and 376. A deed of partition does not confer or convey title, but merely dissolves the tenacy in common. Chace v. Gregg, supra.

■■ It is settled in this State that persons who are common owners of land may effect a division or partition thereof by written instrument or deed. 32 Tex. Jur., p. 149, sec. 5. Also, since the partitioning of land is not classed in law as a conveyance thereof, land may be partitioned by parol. Not being a conveyance, the parol partition is not within the purview of the Statute of Frauds. 32 Tex. Jur., p. 149, sec. 5, supra. It is even the rule that married women may partition by parol. Aycock v. Kimbrough, 71 Texas 330, 12 S. W. 71, 10 Am. St. Rep., 745. It is also settled that a parol partition setting apart to one of the parties personal property, and to the other land, without any actual division of the land, would make no difference in the general principles of parol partition. Edds v. Edds (Tex. Civ. App., writ refused), 282 S. W. 638.

When we come to examine this deed, we find that it in effect contains two descriptions. By one description the land covered is described or designated as an 8-acre tract and a 10-acre tract. By another description it is designated as all of the Kirkindall 160-acre homestead tract remaining unsold. According to the testimony in this case, by one description it covered 18 acres, and by the other description it covered more than double that amount. It is true that the 18-acre description would be void in an instrument of conveyance; but since this is not an instrument of conveyance, but of partition, the 18 acres can be

made certain or sufficient by parol. When this is done, it conflicts with the general description, and the instrument contains two conflicting descriptions, and therefore becomes ambiguous. If the instrument is ambiguous, it is elemental that parol evidence is admissible to show the intent of the parties. The rule against varying written instruments by parol evidence is not involved nor violated where such evidence is merely admitted to show the intention of the parties in a case where an ambiguous instrument is to be construed. 17 Tex. Jur., p. 881.

■ The rules applicable to an innocent purchaser, in a proper case, may apply to a purchaser who acquires land from one who holds under a partition deed. On the other hand, if such purchaser takes with notice, he holds subject to the partition agreement. 32 Tex. Jur., p. 155, sec. 10. One whose title depends on the partition deed to R. D. Kirkindall could not be an innocent purchaser, because the instrument on its face discloses that it is a partition deed, and on its face discloses that there might be an ambiguity. To say the least, being a partition deed, the apparent conflict in the description of the land covered was sufficient to put the purchaser on inquiry.

The judgment of the Court of Civil Appeals, which affirms the judgment of the district court, is affirmed.

Opinion delivered January 1, 1941.

Rehearing overruled February 12, 1941.