## GARZA v. CAVAZOS et al.

### No. 11837.

Court of Civil Appeals of Texas.
San Antonio.

July 7, 1948.

Rehearing Denied Sept. 15, 1948.

Oxford & Ramsour, of Edinburg, for appellant.

Kelley, Looney, McLean & Enochs and Hall, Henrichson & Rawlins, all of Edinburg, J. Jones, of Raymondville, T. J. Bader, of Edinburg, Greer, Cox & Patterson, of McAllen, John A. Pope, of Rio Grande City, and Strickland, Ewers & Wilkins, of Mission, for appellees.

NORVELL, Justice.

The judgment rendered as of November 10, 1924, in Cause No. B–4437, Mrs. L. J. Masterson et al., v. Nazaria M. de Longoria et al., 93rd Judicial District Court of Hidalgo County, Texas, a partition suit,

contained the following provision relating to the seventh share:

"It is Ordered, Adjudged and Decreed by the Court, that the defendants herein, Nazaria M. de Longoria (Rosales) and her husband, Ruperto Rosales, and Trinidad Longoria, a minor; do have and recover of and from the plaintiffs, Mrs. L. J. Masterson, the surviving widow of H. Masterson, deceased, H. Masterson, Jr. (and numerous other named parties); and each of them and of and from each and all the other parties to this suit, the title and possession of the following described lands, now hereby partitioned and set apart in severalty to the said Defendant Nazaria M. de Longoria and her husband, Roberto Rosales, and Trinidad Longoria, a minor, and known and designated in said survey made by E. M. Card, C. E., and herein, as 'Share No. 7' and consisting of Four Hundred (400) acres; and described by metes and bounds as follows:

"Share Number 7. * * * 400 Acres to Nazaria M. de Longoria (Rosales) And Husband Ruperto Rosales, And Trinidad Longoria, a Minor:

(Here follows metes and bounds description of lands in Las Mestenas Grant, Hidalgo County, Texas.)

"It is further Ordered, Adjudged, and Decreed that all right, title, and interest in and to the said lands known as Share Number 7 and in this paragraph particularly described be and the same is hereby divested out of each and all the other parties to this suit and vested in the said defendants Nazaria M. de Longoria (Rosales) and husband Ruperto Rosales, and Trinidad Longoria, a minor; and that the said last named defendants have their Writ of Possession for said lands; and that all such writs and process as may be proper or necessary to enforce the provisions of this decree in favor of the said Nazaria M. de Longoria (Rosales) and husband Ruperto Rosales, and Trinidad Longoria, a minor, issue from time to time when and as often as may be required."

Upon the trial below it was stipulated that: "Plaintiff (Andres Garza, appellant here) contends that common source of title claimed by all parties hereto is the partition decree in Suit Number B–4437 in the 93rd District Court, with which contention the defendants do not agree, but, in establishing common source of title, it is agreed that no party hereto shall be required to deraign title prior to Sabas Longoria, and it is agreed that Sabas Longoria had title to said land at his death and that Share Seven was a part of the land owned by Sabas Longoria at the time of his death, which death was prior to the above partition suit, number B–4437."

Sabas Longoria died in 1918, and his will devised and bequeathed all of his property to his wife, Nazaria Munguia de Longoria.

■ The issues between the parties are much simplified by the briefs. The case is essentially a contest between appellant, Andres Garza, claiming all of the right, title and interest of Ruperto Rosales and Trinidad Longoria, under quitclaims from said Trinidad Longoria and the heirs of Ruperto Rosales, on the one hand, and the appellees, claiming under conveyances from Nazaria M. de Longoria, on the other hand. The appellant asserted a claim under Nazaria M. de Longoria, which was recognized by the court, save and except as to twenty acres which had theretofore been conveyed to another person. By his seventh and eighth points, appellant asserts that the trial court erred in failing to award him a recovery against Nazaria M. de Longoria for breach of warranty as to these twenty acres. As this claim was apparently never suggested to the trial court and has no basis in the pleading, said points are overruled.

Appellant contends that, in addition to the tract awarded to him by the judgment, he is entitled to an undivided two-thirds interest in the remainder of said partition share No. Seven.

As preliminary to the main question involved, appellant's second and sixth points should be disposed of. It is contended that the trial court erred in admitting in evidence and considering the will of Sabas Longoria.

An application to probate this will was made in 1919 and citation issued. Apparently nothing further was done for many years, although from deeds introduced in evidence it appears that Nazaria M. de Longoria described herself as being the "independent executrix and sole devisee under the will of Sabas Longoria, deceased," in legal instruments executed prior to the time an amended application for probate of the will was filed.

In 1947, this amended application was presented to the probate court, citation issued, and as a result thereof the will of Sabas Longoria was admitted to probate as a muniment of title.

■ By a trial amendment the appellant (plaintiff below) sought to attack this order of the county court in this trespass to try title action. The attack was collateral and since the order was not void the attack fails. Appellant's second and sixth points are overruled. Nelson v. Bridge, 98 Tex. 523, 86 S.W. 7.

The remaining points (first, third, fourth and fifth) present the contention that the partition decree above described was the common source of title and that it should be presumed that the three persons named in connection with the award of Share No. Seven held equal interests therein, i.e., that each held an undivided one-third interest. Appellant concedes that the presumption relied upon is rebuttable, but says that there is no evidence in the record which rebuts said presumption.

■ In Houston Oil Co. of Texas v. Kirkindall, 136 Tex. 103, 145 S.W.2d 1074, 1077, the Supreme Court, in distinguishing between a conveyance and a partition, said: "The evidence is also conclusive on this question. Such an instrument is an instrument of partition, and not of conveyance. This is because, even though the partition of property vests each of the parties thereto with a separate ownership of the particular tract of land allotted to him, the transaction is deemed not to operate as a conveyance or transfer of title. 'The partition is of the possession, and not of the title.' 32 Tex.Jur., p. 146, § 2; Chace v. Gregg, 88 Tex. 552, 32 S.W. 520; Davis v. Agnew, 67 Tex. 206, 2 S.W. 43, 376. A deed of partition does not confer or convey title, but merely dissolves the tenancy in common. Chace v. Gregg, supra."

■ It should also be noted that the decree rendered in Cause No. B–4437 made no attempt to partition property between or among Nazaria M. de Longoria, Roberto Rosales and Trinidad Longoria. They were named as allottees of the same share. In the partition decree they were treated as a unit, and there were no litigable issues raised as between or among them. For this additional reason the decree did not adjudicate the respective rights of the allottees of Share No. Seven. But if it be considered that the decree did create a presumption that all three held equal interests in the share, then this presumption was overcome by the proof. It was agreed that the property involved was owned by Sabas Longoria prior to his death. Those holding under Nazaria M. de Longoria showed that the title of Sabas Longoria vested in his widow, Nazaria M. de Longoria. It was shown that Nazaria M. de Longoria owned the property and that Roberto Rosales and Trinidad Longoria had no interest therein. This proof overcame a presumption of ownership of equal interests by the three allottees which may have arisen as a result of the rendition of the partition decree.

We overrule appellant's first, third, fourth and fifth points.

The judgment appealed from is affirmed.