IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 19, 2004



______________________________



NO. 07-04-0285-CV



IN RE EXXONMOBIL CORPORATION, ET AL., RELATORS



________________________________



NO. 07-04-0286-CV



IN RE CHEVRONTEXACO CORPORATION, ET AL., RELATORS



__________________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON MOTIONS FOR ISSUANCE OF WRIT OF MANDAMUS


 On August 26, 2004, we issued an opinion and judgment in companion original
proceedings, each seeking a writ of mandamus directing the Honorable Kelly G. Moore,
judge of the 121st District Court, Yoakum County, to vacate a May 3, 2004, order denying
pleas to the jurisdiction. In re ExxonMobil Corporation, No. 07-04-0285-CV; In re
ChevronTexaco Corporation, No. 07-04-286-CV (Tex.App.-Amarillo August 26, 2004)
(orig. proceeding). Finding the trial court lacked jurisdiction, we conditionally granted the
petition for writ of mandamus, and directed the trial court to vacate its May 3 order and to
dismiss the underlying suit. Our opinion stated this court's Clerk would be directed to issue
the writ only in the event the trial court failed to comply with the opinion. Id. at 25. 

 On October 1, 2004, relators in docket number 07-04-0285-CV filed a motion
asserting the trial court had failed to comply with our August 26th opinion and requesting
issuance of the writ of mandamus. The motion also asserted the real parties in interest
had not obtained a stay of this court's judgment and relators had moved for an order
complying with our ruling. Relators acknowledged the trial court's delay in rendering an
order of dismissal was to provide a reasonable opportunity for the real parties in interest
to seek mandamus relief in the Texas Supreme Court. Without agreeing that delay was
appropriate, relators argued the real parties in interest had been given a reasonable time
to seek a stay in the supreme court and "no basis for further delay exists." Relators in
docket number 07-04-0286-CV filed a similar motion on October 6.

 In a response filed October 6, 2004, the real parties in interest reported filing a 
petition for writ of mandamus in the supreme court, with a request for temporary relief. The
supreme court denied both the petition and the request for temporary relief on October 7,
2004.

 We have received correspondence from Judge Moore that includes a copy of an
"Order and Final Judgment" also signed October 7, vacating his May 3, 2004 order,
granting defendants' pleas to the jurisdiction and dismissing the case. The trial court's 


October 7 order renders moot the pending motions for issuance of writ of mandamus, and
they are dismissed. 


 James T. Campbell

 Justice







n Locked="true" QFormat="true" Name="Normal"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0146-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 

APRIL 27, 2011

_____________________________

 

BOBBY
G. BARHAM,  

 

                                                                                         Appellant


v.

 

PATRICIA
MCGRAW,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 13TH DISTRICT COURT OF NAVARRO COUNTY;

 

NO. 08-17,231-CV; HONORABLE JAMES E. LAGOMARSINO,
PRESIDING

_____________________________

 

Opinion

_____________________________

 

 

Before QUINN, C.J., and CAMPBELL  and PIRTLE,
JJ.

            Blood may be thicker than
water, but money beats everything.[1]

            He
that is greedy of gain troubleth his own house.[2]

            Before us lies a dispute between
brother and sister regarding the division of their deceased fathers real
estate.  When their father died, the
realty in question became the corpus of a trust to benefit his widow, Margie,
the trusts trustee.  Upon her death, the
property remaining in it was to be distributed to the trustors
descendants.  Bobby Barham and Patricia
Ann McGraw, his children, were two such descendants.

            Being trustee, Margie had the
express authority to exchange, sell, lease, and partition on such terms and at
such times as she deem[ed] proper the trusts corpus, and she exercised that
authority by conveying various tracts of land to both children.  Thereafter, Bobby concluded that the
conveyances were unfair and resulted in Patricia receiving more than that to
which she was entitled.  This conclusion
was founded upon a writing signed in February of 2005, by Margie, Bobby and
Patricia.  Therein, the parties allegedly
partitioned the lands the two descendants were to receive from the trust,
according to Bobby.  And, the actual
conveyances from Margie failed to abide by that supposed agreement.  Because Bobby had been praying for guidance
and felt very comfortable with proposals that [were] made and was so sure
that the way [his sister] convinced Mother to make the conveyances was so
unfair to [him] and [his] family that [he could not] let the matter go
unchallenged, he sued his sister and sought the specific performance of the so-called
partition agreement.  

            Patricia moved for and received
summary judgment denying Bobby specific performance and sanctioning him for
initiating frivolous litigation.  Bobby
then appealed the decision and contends that the trial court erred in granting
his sister judgment and sanctions.  We
affirm in part and reverse in part.

            Summary Judgment

            Various grounds were alleged by
Patricia in her motion for summary judgment. 
And, in granting it, the trial court did not specify upon which one it
relied.  Thus, the judgment may be
affirmed on any ground that is meritorious. 
Harwell
v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).  And, the ground we focus on involves the statute
of frauds and the lack of any adequate description of the property within the
February 2005 writing.

            To be entitled to specific
performance, an agreement must be valid and enforceable.  Abraham Inv. Co. v. Payne
Ranch, Inc., 968 S.W.2d
518, 527 (Tex. App.Amarillo 1998, pet. denied).  But, a deed or conveyance that does not
sufficiently describe the land to be conveyed is not of such ilk.  Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152
(1945) (stating that it is well settled that before a court will decree the
specific performance of a contract for the sale of land, the written agreement
or memorandum required by the statute of frauds must contain the essential
terms of a contract, expressed with such certainty and clarity that it may be
understood without recourse to parol evidence to show
the intention of the parties and in so far as the description of the property
is concerned, the writing must furnish within itself, or by reference to some
other existing writing, the means or data by which the particular land to be
conveyed may be identified with reasonable certainty); Nguyen
v. Yovan, 317 S.W.3d
261, 267 (Tex. App.Houston [1st Dist.] 2009, pet. filed) (also
discussing the requirement to identify the land with reasonable certainty and
holding that if it is not, then the conveyance is void).  This rule has been applied when a party
sought specific performance of a settlement agreement requiring the transfer of
land, see
e.g. Martin v. Thalman,
568 S.W.2d 460, 462 (Tex. Civ. App.Beaumont 1978, no writ), and that appears
to be the reason why Bobby, Patricia and their mother executed the letter
agreement at issue.  Margie allegedly
sought peace of mind regarding which child was to get what from the
trust.     

            Per the letter agreement which Bobby
drafted, Patricia was afforded two options. 
Each referred to various parcels of land he deigned to combine under
different methodologies.  The first was: 

            Option 1  Based on value

                        You receive:

1.   
 Massengale Place  less Tracys house and land

2.   
 Sheppard Place

3.   
 Home Place

4.   
 Page Place

5.   
 That portion of the green place highlighted in
the enclosed map

 

The next was:

 

Option 2  Based on
equal acres

 

            You
receive:

 

1.   
 Massengale Place  less Tracys house and land

2.   
 Sheppard Place

3.   
 Rutledge Place

4.   
 Lumley Place

5.   
 Enough of the meadow to be exactly equal acres

Attached
to the letter was what purported to be an aerial view of the property.  Yet, neither it nor the letter contained any
legal description of the realty involved. 
Instead, Bobby simply mentioned the parcels by the aforementioned names.

            As previously discussed, when the
essential elements of a propertys description are left to inference or to
development by parol, the description is insufficient to support a suit for
specific performance irrespective of whether the parties themselves understood what
land formed the subject matter of the conveyance.  Mayor v. Garcia, 104 S.W.3d 274, 280-81 (Tex. App.Texarkana
2003, writ dismd w.o.j.).  So too did
the Mayor
court note that the
elements of an adequate description include reference to the location and
quantity of the property involved.  Id. at  280. 
The February letter at bar mentions nothing about the quantum or acreage
of land involved in the conveyance.  Nor
does it refer to the metes, bounds, block, survey,
city, county, or state in which the land is located or even a separate writing
containing that information.  Instead,
the description consists of nothing more than names someone apparently attached
to the different parcels at one time or another.  Given these undisputed circumstances, we
cannot say that the letter agreement satisfied the statute of frauds, and the
trial court could have so held as a matter of law when granting Patricia
summary judgment.  

            Bobby, however, argues that there
need not be an adequate description in the letter since the document merely
evinced a partition of lands.  Authority
does exist indicating that a partition is not subject to the statute of frauds.  Houston Oil Co. v. Kirkindall, 136 Tex.
103, 145 S.W.2d 1074, 1077 (1941). 
Nonetheless, Bobbys argument rests upon a false premise.  The document at issue cannot be construed as
a partition. The latter serves to divide property owned by co-tenants and
concerns possession, not title.  Id.; see also Dierschke v.
Central Natl Branch of First Natl Bank of Lubbock, 876 S.W.2d 377, 380 (Tex. App.Austin
1994, no pet.) (stating that an owner of a non-possessory interest cannot
compel partition).  The record is clear
that neither Patricia nor Bobby had a right to possession of any realty held in
the trust.  Right to possession resided
in their mother, the trustee.  See Manchaca v. Martinez, 136 Tex. 138, 148 S.W.2d 391 (Tex. 1941). 
We have been cited to nothing of record indicating that either Patricia
or Bobby held legal title to the realty when they signed the February 2005
letter.  Nor did or does anyone dispute
that legal title to the property lay with the trustee of their fathers
testamentary trust at the time.  Indeed,
if this was not so and if the two children owned the land, there would have
been no need for their mother to seek peace of mind by transferring it to
them.  Consequently, the document Bobby
drafted and tendered to his remaining family members was not a partition
irrespective of his unilateral belief.  

            In sum, the February 2005 letter
agreement violates the statute of frauds and, therefore is void.  We overrule issue one.   

 Sanctions

Bobby also challenges the sanctions levied by the trial court
under section 9.012 of the Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. §9.012(c)(3) (Vernon 2002)
(stating that if the court determines that a pleading has been signed in
violation of any standard prescribed in §9.011, the court shall impose an
appropriate sanction on the signatory, a represented party, or both).  He alleges, among other things, that the
requirements of the statute were not followed. 
We agree.      

            Patricia
filed her motion for summary judgment on May 8, 2009, and the trial court set
it for submission on June 15, 2009.  
Through the motion, she not only sought judgment on the claims asserted
by her brother, but also upon her counterclaim for sanctions.  On July, 3, 2009, the trial court notified
the parties by letter that Bobby had not filed a response to the motion, that
it trusts . . . [he] was served with the . . .  motion and that the motion was granted.  Then, it informed the litigants that it would
sign the judgment when presented.  No
specific mention was made about the frivolousness of the pleadings,
however.  In response to the trial
courts letter, Bobbys 
attorney notified the court that though he received the motion,
the fiat was left blank.  Thus, we
never received any further notice of a hearing date, i.e. the date upon which the trial court would submit the
motion for determination.  Opposing
counsel admitted to the accuracy of his opponents representations, and the
trial court rescheduled the submission date for August 28, 2009.  On December 30, 2009, the trial court issued
its letter informing the parties that it had decided once again to grant the
motion and would sign the order when presented with it.  Again, nothing expressly was said about
Bobbys pleadings being groundless. 
However, in the judgment signed on January 21, 2010, the trial court
concluded that the suit was groundless as defined in §9.001(3)(B) of the Texas Civil Practice and
Remedies Code and assessed a $16,669.87 sanction per §9.012(c)(3) of that same Code.

            As can be seen from the
aforementioned factual recitation, the trial court assessed sanctions within
ninety days of concluding, either on December 30, 2009, or January 21, 2010,
that Bobby filed groundless claims.  This
is problematic because it was obligated to delay the assessment of sanctions
for at least 90 days from the date it found the pleadings baseless.  See Tex. Civ. Prac. & Rem. Code Ann. §9.012(c) (Vernon 2002) (stating
that sanctions shall not be imposed earlier than 90 days after the date of the
determination, at the trial or hearing or at a separate hearing following
reasonable notice to the offending party); Elkins
v. Stotts-Brown, 103 S.W.3d 664, 668 (Tex. App.Dallas
2003, no pet.) (first noting that the trial court determined that sanctions
against Elkins were appropriate and, in the same order on the same day, imposed
a sanction and then concluding that because this violated §9.012(c)s requirement of a ninety-day interval between the
date of determination of a violation and the imposition of a sanction, chapter
9 did not support the award).  Because
sanctions were levied here before expiration of the ninety-day period, we
sustain the second issue.

            We reverse that portion of the trial
courts summary judgment levying sanctions against Bobby G. Barham
and affirm the remainder of the judgment. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice











[1]Lizzy.

 





[2]Proverbs 15:27.