Jere RUFF and Glen Ruff, Appellants,

v.

M. E. BROWN, Appellee.

No. 7943.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 19, 1969.

L. F. Burke, Longview, for appellants.

Oscar B. Jones, Marcus Vascocu, James Ross, Longview, for appellee.

FANNING, Justice.

Mrs. M. E. Brown, as plaintiff, in Cause No. 450–68B, in the District Court of Gregg County, Texas, sued Marion H. Gibbons, Elbert Brown, Annie D. Wallace, et vir, Harmon Wallace, Ethalene Golden Allen, et vir, Howard Allen, Nathan Golden, Mace Golden, Jr., Roosevelt Golden, Audrey Clark, Emma Lee Golden, T. E. Ryder, Guardian of the Estates of Debbie Kay Golden and Arthur Lee Golden, minors, and Glen Ruff and Jere Ruff.

Plaintiff alleged that plaintiff and defendants were joint owners (but not equally) of certain tracts of land in Gregg County, Texas, referred to and described under the headings of Tracts A and Tracts B. Plaintiff alleged she owned half of said lands and that defendants owned the other half.

Plaintiff further alleged that plaintiff and defendants, acting through counsel, (with the defendant L. P. Caston, Trustee acting for himself or alternatively as attorney of record with apparent, ostensible or actual authority to act for defendants Ruff) negotiated a judgment in Cause No. 34,673–B, styled M. E. Brown vs. Earl Harwood in the District Court of Gregg County, Texas, and that at the same time the parties also entered into a written agreement to partition the lands in controversy by having same surveyed, divided into equal tracts and partitioned by lots, that plaintiff relying upon the judgment and agreement contributed 50% of the costs of a survey, appraisal and division of the property into 12 tracts, described under Tracts A and Tracts B, that a drawing was had under said agreement and that plaintiff drew Tracts B and defendants drew Tracts A, that plaintiff has been willing to execute mutual deeds to the lots so drawn but that defendants have failed and refused to do so.

Plaintiff further alleged that said lands were capable of partitioning in kind and that the partitioning made by the drawing was fair, just and equitable.

Plaintiff prayed for judgment partitioning the land in accordance with the drawing by the parties, and prayed in the alternative that commissioners in partition to be appointed and that writ of partition issue partitioning to plaintiff one-half of said lands from that of defendants, etc.

Plaintiff by supplemental petition also sought pro-rata reimbursement for certain taxes paid by her on the property in controversy.

Defendant T. E. Ryder, Guardian of the Estates of Debbie Kay Golden and Arthur Lee Golden, minors, filed an answer stating to the effect that each of said minors owned a 1/196th interest in the property, that the same was capable of partitioning, etc. and prayed that said property be partitioned or in the alternative be sold, etc.

Defendants Glen Ruff and Jere Ruff answered and pleaded to the effect that they owned an undivided ½ interest in a certain described 46 acres of land in Gregg County, Texas, alleging that they purchased said land from all the heirs of C. A. Brown, deceased, estate and Marion H. Gibbons, that they did not authorize L. P. Caston or anyone else as their agent to partition said land, and that L. P. Caston was employed by them and only authorized to have the title vested in him as Trustee of the interest formerly owned by Lucy Kirk and Preston Brown, which was conveyed to Caston as Trustee for defendants Ruff, and that Caston was not authorized by the Ruffs to make a drawing for partition, that the plat made by Fred Pratt did not take into consideration some 19 described tracts sold by M. E. Brown, widow of C. A. Brown, deceased, and which none of the defendants received any money for the consideration paid Mrs. Brown for said tracts.

Defendants Ruff further pleaded to the effect that there was and is less land to be partitioned than the 50 acre original tract and thereby the partitioning as claimed by the plaintiff is not true and correct and deprives defendants Ruff of their rightful and legal amount of acreage and that Mrs. M. E. Brown having sold said referred to property, receiving the cash consideration therefor, with one-half of same belonging to defendants, that her interest in the partitioning of the land in question should be depleted by ½ of the acreage conveyed by her to various grantees and said ½ should be credited to defendants Ruff and defendants Ruff further pleaded they did not authorize Mrs. Brown to sell any of said tracts and keep the consideration therefor.

Defendants Ruff further pleaded as follows:

"These Defendants will further show unto this Honorable Court that it is not their desire to disturb the title to various Grantees, but say that they are entitled to ½ of the land left to be partitioned plus ½ of the acreage that was sold by the Plaintiff, M. E. Brown, to the various Grantees, and that said Plaintiff, M. E. Brown, is not entitled to ½ of the amount of acreage that was on hand at the time of her husband's death, and ½ of the property she sold to the various and sundry Grantees should be deleted or subtracted from her interest in the original acreage at the time of her husband's death.

"These defendants further say that the partitioning of the land in question was not a fair and equitable partitioning and that these Defendants were not and are not bound by such acts, if they did happen, for the reasons that they were not consulted; knew nothing of the alleged agreement; did not authorize anyone to enter into said agreement for them or for their behalf; and specifically deny that L. P. Caston had any authority or acted as Agent for these Defendants.

"These Defendants agree that said land should be partitioned awarding one-half (½) to these defendants and one-half (½) to Plaintiff, Ethel Brown of the 46 acre tract as described in the Deed from Emmaline Summage to C. A. Brown dated August 17, 1929, and from the Plaintiff's One-half (½), One-half (½). of the acreage sold by her should be subtracted from her interest and added to the interest of these Defendants.

"WHEREFORE, these Defendants request that the land be partitioned as pleaded herein and for such other and further relief, special and general, at law and in equity to which these Defendants show themselves justly entitled."

Plaintiff in answer to defendants Ruff's pleading, pleaded in part as found below.[1]

[1] "2.
"This Plaintiff excepts and objects to Paragraph No. 6 of Defendants Second Amended Original Answer wherein Defendants Ruff attempt to enlarge their interest determined in a *Tress* to Try Title Action styled M. E. Brown Vs. Earl I. Harwood, No. 34,673–B for the following reasons:
a. The Judgment in said cause is Res Adjudicata to all issues involved in said cause of action.
b. That Defendant's remedy, if any they have, to recover interest in lands conveyed by M. E. Brown to certain Grantees designated by the instruments listed would be against the Grantees or persons in possession of the property and not against Plaintiff by way of contribution, it being undisputed in law that M. E. Brown can sell and convey anything she owns including an undivided interest in lands. For such reason said allegations are immaterial, unfounded in law and should be stricken.
"3.
"Plaintiff excepts and objects to Paragraph No. 7 of such Answer because the same is an attempt to vary and change the effect of the Judgment entered in Cause No. 34,673–B styled M. E. Brown Vs. Earl I. Harwood et al in the District Court of Gregg County, Texas, which judgment is Res Adjudicata to

such allegations and same should be stricken.

"4.

"Plaintiff excepts and objects to paragraph No. 9 of said Answer for the reason that all matters alleged were matters which could and should have been raised in the Trespass to Try Title suit No. 34,673–B in the District Court of Gregg County, Texas, Styled M. E. Brown, Vs. Earl I. Harwood. That the Judgment is Res Adjudicata as to such alleged matters and same should be stricken.

"5.

"Further answering herein, if the same be necessary, this Plaintiff would show that Defendant's Glen Ruff and Jere Ruff are bound by the terms of a written agreement attached hereto and marked 'Exhibit A', executed by L. P. Caston, who was the party in interest in Cause No. 34,673–B. In this connection this Plaintiff would show that if L. P. Caston was not the actual party in interest that he appeared in said cause both as legal representative and attorney of record, and had either actual, apparent or ostensible authority to execute 'Exhibit A'. That by reason thereof Defendants are estopped to deny the authority of L. P. Caston to negotiate the terms of the Judgments entered by the Court and the ancillary agreement of partition.

"6.

"Further answering herein this Plaintiff would show unto the Court that in the event L. P. Caston was not authorized to execute 'Exhibit A', which is not admitted but denied, this Plaintiff alleges these Defendants ought not to be allowed to alter the terms of an agreed Judgment and ancillary agreement marked 'Exhibit A' for the reason that these Defendants have accepted the fruits of the agreed Judgment and have knowingly, wrongfully and/or negigently led Plaintiff to believe that L. P. Caston was the party in interest and had authority to negotiate the settlement and partition agreement. This Plaintiff materially changed her position in agreement to the Judgment as entered in Cause No. 34,-673–B, by adjusting her equities in the lands in controversy. That equity in all good conscience should require these Defendants to perform as ageed in that they are guilty of Laches.

"7.

"Further answering herein, if the same be necessary, Plaintiff would show unto the Court that all the Grantors conveying said lands to Defendants Ruff as well as Defendants Ruff were parties in interest in Cause No. 34,763–B styled M. E. Brown Vs. Earl I. Harwood et al, in the District Court of Gregg County, Texas. That all of said parties were and are bound by the said Judgment and agreement to partition. That such Judgment is Res Adjudicata to all issues that were presented or could have been presented in said cause of action, and the conveyances to Ruff should be and are subject to the terms of said Judgment and agreement.

"WHEREFORE, PREMISES CONSIDERED, this Plaintiff prays that the lands be partitioned in accordance with the drawing made by the parties in accordance with 'Exhibit A' and that she go hence with her cost."

"EXHIBIT A

STATE OF TEXAS
COUNTY OF GREGG

It is mutually agreed by and between C. M. Turlington, Marcus Vascocu and Cecil Story, attorneys for M. E. Brown, and Marion H. Gibbons, attorney for the Defendants in cause number 34673–B, entitled M. E. Brown Vs. Earl I. Harwood, et al, and also between L. P. Caston, one of the Defendants in said cause, and R. L. Whitehead, Jr., attorney for the minors in said cause, that upon the entry of an agreed judgment, a copy of which is hereto attached, that the real estate will be divided by the Plaintiff, M. E. Brown, and the Defendants jointly agreeing and jointly paying for a survey of the land and for a professional real estate man to divide the property in equal parts with one part numbered '1' and the second part numbered '2'; and that the numbers will he placed in a hat with the District Clerk or one of her assistants drawing out of the hat a number which number shall be the part awarded to M. E. Brown; and the other number shall be the part awarded to all the Defendants, including L. P. Caston and the minors; and that all parties shall execute a deed of conveyance to the other to that portion of the tract awarded respectfully to the parties in accordance with the drawing out of the hat the number of the tract to go respectfully to the parties as set out in this agreement.

"Witness our hands in quadruplicate.

"Witness our hands this the 21st day of April, 1966.

s/ C. M. Turlington
C. M. TURLINGTON
s/ Marcus Vascocu
MARCUS VASCOCU
s/ Cecil Story
CECIL STORY."

Plaintiff by trial amendment also pleaded to the effect that defendants Ruff were estopped from denying the authority of Caston to enter into the judgment in Cause No. 34,673–B and to execute the ancillary agreement referred to and that the Trust was governed by the Texas Trust Act, Articles 7425a et seq.

The other named defendants did not file answers but although duly served with process made default.

Trial was to the court without the aid of a jury. After hearing the pleadings, the evidence adduced, and argument of counsel, the trial court rendered judgment partitioning the land in accordance with the agreement and drawing of the parties, and awarded title and possession to plaintiff M. E. Brown of the land described as Tracts B. The court further found that defendant Emma Lee Golden had no interest in the lands having been divested of title in Cause No. 34,673–B, styled Brown v. Harwood, in the District Court of Gregg County, Texas. The trial court in its judgment further decreed that defendants (except Emma Lee Golden) "shall have the title and possession, jointly, but not equally, to the property described as Tracts A."

The court further decreed that Ryder, Guardian of the minor defendants "shall own ⅝ths interest in the lands awarded the defendants."

The court further decreed that plaintiff had paid certain taxes on the land in the amount of $198.31, for which she was entitled to be reimbursed for ½ therefor or $99.15, and awarded plaintiff judgment for this amount against defendants. Costs were taxed one-half against plaintiff and one-half against defendants.

The trial court filed the following findings of fact and conclusions of law:

"FINDINGS OF FACT

"1. The property in controversy is the residue of a 50 acre tract situated in the A. R. Johnson Survey, Gregg County, Texas.

2. The property in controversy is the same property involved in Cause No. 34,673–B in the District Court Gregg County, Texas.

3. That all the parties in Cause No. 34,673–B are parties to this suit. (Defendants RUFF were parties to Cause No. 34,673–B by way of legal representative L. P. Caston, Trustee)

4. That on April 21, 1966, the Honorable C. M. Turlington, Marcus Vascocu and Cecil Storey, Attorneys for M. E. BROWN; L. R. Caston, Attorney for himself, R. L. Whitehead, Jr., Attorney for the minor Defendants and Marion H. Gibbins, Attorney for all other Defendants in Cause No. 34,673–B entered into a partition agreement bearing such date.

5. That L. P. Caston defended cause No. 34,673–B and executed the agreement on behalf of Defendants RUFF.

6. The land in controversy was surveyed by a Licensed Surveyor.

7. The land in controversy was divided into parcels of equal value by a professional Real Estate man.

8. That Plaintiff, M. E. BROWN relying on the agreement, paid a valuable consideration for having said lands surveyed and appraised by a professional Real Estate man.

9. That L. P. Caston, Trustee, authorized the drawing of lots by M. E. BROWN and MARION H. GIBBONS.

10. A drawing was held wherein M. E. BROWN drew the tracts designated Tracts 'B' described in Plaintiff's Petition and MARION H. GIBBONS drew on behalf of

the other Defendants Tracts 'A' described in Plaintiff's Petition.

11. That such partition complied with the terms of the agreement and was fairly made.

12. That Plaintiff, M. E. BROWN, has complied with the terms of the partition agreement."

"CONCLUSIONS OF LAW

1. This Court has jurisdiction of the matter in controversy.

2. Plaintiff, M. E. BROWN, owns an undivided ½ interest in the property in controversy and all other Defendants own an undivided ½ interest in the property in controversy.

3. The property in controversy is capable of being partitioned between the Plaintiff and Defendants in kind.

4. The Defendants RUFF are precluded by the Judgment entered in Cause No. 34,673-B from claiming a larger interest than was awarded all other Defendants in said Judgment in that said Judgment is Res Adjudicata as to such claim.

5. That L. P. Caston, Trustee, was the agent of Defendants RUFF and had authority to act in their behalf under the powers set forth in the Texas Trust Act both in the execution of the agreement to partition and prosecution of Cause No. 34,673-B.

6. That the agreement to partitions is a valid, binding and subsisting agreement.

7. That said property was partitioned in accordance with the agreement of the parties.

8. That Defendants RUFF are estopped to deny the validity of the agreement to partition having caused Plaintiff,

M. E. BROWN, to expend moneys to effect the partition.

Signed and Filed the 3 day of Dec., 1968.

/s/ David Moore

JUDGE PRESIDING."

Appellants Ruff have duly appealed.

Appellants' point 1 reads as follows: "The Trial Court reversibly erred in consideration the Judgment in Cause styled M. E. Brown vs. Earl I. Harwood, No. 34,673-B District Court, Gregg County, Texas, and rendering the Judgment it did in this instant suit, for that said suit and Judgment is not supported by, but is at variance with the records, and particularly the instant suit, the Judgment being contrary to the overwhelming weight and preponderance of all evidence as to be unjust, regardless whether there is some evidence to support it."

Appellants' statement under point one is as follows: "The Trial Court refused to consider the fundamental error that it did not have jurisdiction for that the minor children, Arthur Lee Golden, Jr. and Debbie Kay Golden, were not personally served with citation in a Partition suit; and Jere Ruff and Glen Ruff were not parties litigant."

Appellants under said point also contend in part as follows: "In addition to the fact of absence of personal service on the minors, which was necessary, the Judgment does not partition the land between the parties to it, but simply decrees that, Plaintiff, M. E. Brown, was entitled to an undivided one-half interest by virtue of Descent and Distribution and was not entitled to any on her claim to 'Adverse Possession' as against C. A. Brown's children.

"Not having personal service against the minor children, and Jere Ruff and Glen

Ruff not having been made parties thereto, the Judgment as to Jere Ruff and Glen Ruff was a nullity and was inadmissible as to them. * * *"

The judgment in Cause No. 34,673–B, appears as Plaintiff's Exhibit 1 and as Defendants' Exhibit 17, and reads in part as found below.[2]

2. "BE IT REMEMBERED that on the 22nd day of March, 1966, came on to be heard the above entitled and numbered cause, and came the plaintiff, M. E. Brown, in person and with her attorneys of record and the defendant, Earl I. Harwood, having previously filed with this Court a disclaimer to any and all interests in and to the land mentioned in plaintiff's petition, appeared not, and the defendants, Elbert Brown, Annie D. Wallace and husband Harmon Wallace, pro forma, Ethalene Allen and husband, Howard Allen, pro forma, Nathan Golden, Roosevelt Golden, Mace Golden, Jr., John Arthur Johnson, Oliver Brown, Audrey Clark, and Emma Lee Golden and appeared by and through their attorney, Marion H. Gibbons, and the defendants, Debbie Kay Golden, a minor, and Arthur Lee Golden, Jr., a minor, appeared by and through their attorney ad litem, R. L. Whitehead, Jr., and the defendant, L. P. Caston, appeared in person, and all parties announced ready for trial; whereupon a jury was chosen and empaneled and the Court, after having heard all the testimony and argument of counsel and being fully advised herein, found there was no issue of fact for the jury to determine and made the following findings as a matter of law, based upon the testimony, to-wit: * * *

* * *"
(NOTE: Here follows fact findings of the court. We quote below finding No. 10:)
10.

"That the interest and title to the land and said money award held by L. P. Caston, Trustee, as stated in paragraph 4 above is now in litigation and ownership to said interest and title is subject to the decision of the District Court of Gregg County, Texas, in Cause No. 37412–B and styled Preston Brown, et al vs. L. P. Caston, Trustee, et al, and the Court makes no finding nor is the judgment of this Court to be construed or considered to be a finding or judgment for or against the litigants in said cause of action."

* * * * * * * * * * * * *
"And that based upon the above findings this Court entered a judgment on the 1st day of April, 1966, and to said judgment both the plaintiff and the defendants timely filed motions for new trial; that on this the 22nd day of April, 1966, all parties to this cause of action filed a motion requesting this Court to set aside the judgment entered by this Court on the 1st day of April, 1966, and the Court did set aside the judgment so entered by separate decree WHEREUPON the plaintiff and defendants by and through their attorney of record announced to the Court that all parties were in agreement, subject to the approval of the Court as to the provisions of the judgment to be entered in this cause, and the Court, after having duly considered the proposed judgment and being fully advised herein is of the opinion that the same should be entered.

"It is therefore ORDERED, ADJUDGED AND DECREED by the Court that the land and property described in plaintiff's second amended petition was the community property of C. A. Brown, deceased, and his wife, M. E. Brown, the plaintiff in this cause; that the said M. E. Brown owns as her separate property, an undivided ½ (one-half) interest in and to said land and property; that the defendants, Elbert Brown, Oliver Brown, John Arthur Johnson, and Au*dry* Clark, each own, as their individual separate property an undivided one-fourteenth (1/14th) interest each in and to said property; that the defendants, Annie D. Wallace and Ethalene Allen, Nathan Golden, Roosevelt Golden, Mace Golden, Jr., and Emma Lee Golden, a feme sole, each own as their separate property an undivided one ninety-eighth (1/98th) interest each in and to said land; that the minor defendants, Debbie Kay Golden and Arthur Lee Golden, Jr., each own an undivided one hundred ninety-sixth (1/196th) interest each in and to said lands and that the defendant L. P. Caston, Trustee, holds title to an undivided one-seventh (1/7th) in and to said land subject to the litigation mentioned in the findings of this court.

"It is further ORDERED, ADJUDGED AND DECREED by the Court that the $36,000.00 mentioned above in the Court's findings shall be divided as follows, to-wit:

"That the sum of $759.25 shall be paid as court costs with both the defendants and plaintiff paying one-half (½) each; that the sum of $23,225.01 is to be paid to the plaintiff M. E. Brown as her separate property, and said sum shall be severed from the $36,000.00 and is to be the sole interest of M. E. Brown in said money award; that the sum of $1,785.70 is to be paid to the defendant Elbert Brown as his separate property; that the sum of $1,785.70 shall be paid to the defendant, Oliver Brown, as his separate property; that the sum of $1,785.70 shall be paid to the defendant John Arthur Johnson, as his separate property; that the sum of $1,785.70 shall be paid to the defendant, Audrey Clark, as his separate property; that the sum of $3,571.40 shall be paid to the defendant, L. P. Caston, Trustee, subject, however, to the findings of the Court in paragraph 11 above; that the sum of $255.11 shall be paid to the defendant, Annie D. Wallace, as her separate property; that the sum of $255.11 shall be paid to the defendant, Ethalene Allen, as her separate property; that the sum of $255.11 shall be paid to the defendant, Nathan Golden, as his separate property; that the sum of $255.11 shall be paid to the defendant, Roosevelt Golden, as his separate property; that the sum of $255.11 shall be paid to the defendant, Mace Golden, Jr., as his separate property; that the sum of $255.11 shall be paid to the defendant, Emma Lee Golden, a feme sole, as her separate property; that the sum of $127.07 shall be paid to the minor defendant, Debbie Kay Golden, as her separate property; and that the sum of $127.07 shall be paid to the minor defendant, Arthur Lee Golden, Jr., as his separate property.

"And the defendants having announced in open court that they did not wish to sue or disturb the title to the conveyance or conveyances made by the plaintiff, M. E. Brown, on or before the 3 day of March, 1963, which conveyances she made to bona fide purchasers or purchasers for value of any part of the land described in plaintiff's second amended original petition where said purchasers went into possession, paid taxes, and they or their assigns are now in possession of the same or parts thereof so conveyed, and having requested the Court to enter a provision to protect the said purchasers; it is therefore ORDERED, ADJUDGED AND DECREED by the Court that all previous sales of a part or parts of said property heretofore conveyed by M. E. Brown prior to the 3 day of March, 1963, be confirmed and title to same is hereby quieted in said grantees of M. E. Brown.

"It is further ORDERED that the attorney ad litem, R. L. Whitehead, Jr., shall receive for his services rendered herein for the above named minor children the sum of $300.00 to be taxed and included in the costs set out above.

"And the Court further ORDERS that this judgment be and the same is final and binding upon all the parties hereto and shall not be subject to appeal or bill of review.

"RENDERED, ENTERED AND SIGNED this the 22nd day of April, 1966.

/s/ DAVID MOORE
Judge Presiding

APPROVED AS TO SUBSTANCE AND FORM:

s/ C. M. Turlington     s/ R. L. Whitehead, Jr.     s/ L. P. Caston
C. M. Turlington           R. L. Whitehead, Jr.           L. P. Caston, Trustee
s/ Cecil Storey            Attorney Ad Litem          s/ Marion H. Gibbons
Cecil Storey                                              Marion H. Gibbons
s/ Marcus Vascocu                                        Attorney for Defendants"
Marcus Vascocu
Attorneys for Plaintiff

---

The judgment in Cause No. 37412–B, Preston Brown, et al. v. L. P. Caston, Trustee et al., was an agreed judgment, whereby Kirk and Brown, plaintiffs, among other things, took nothing against defendants Caston, Trustee, et al., and plaintiffs' cause

of action was dismissed with prejudice. Said judgment also ordered certain money deposited in an association in Houston to be paid to Jere Ruff and Glen Ruff upon surrender of a certain referred to certificate, etc.

Appellants' point 2 reads as follows: "The Trial Court reversibly erred in making its Finding of Fact No. 3 (Tr. 65) reading as follows:

'3. That all parties in Cause No. 34,-673-B are parties to this suit.' (Defendants, Jere Ruff and Glen Ruff were parties to Cause No. 34,673-B by way of legal representative, L. P. Caston, Trustee)

for that said suit and Judgment is not supported by, but is at variance with the records, and particularly the instant case, judgment being contrary to the overwhelming weight and preponderance of all evidence as to be unjust, regardless whether there is some evidence to support it."

Defendants-appellants Ruff did not by any pleading in the trial court contend that the minors were not served with citation in Cause No. 34,673-B; nor did they offer any proof in the trial court that said minors were not served with citation. They first make the claim in exceptions to the trial court's findings of fact and conclusions of law and then make the claim in their brief. Appellee in her brief in answer to such contention states in part as follows:

"I readily admit to the Court that I am unable to determine for the record in this case where an issue was raised as to lack of jurisdiction of the trial court with regard to the service of the minor children ARTHUR LEE GOLDEN, JR., and DEBBIE KAY GOLDEN. There is some inference in Appellants argument that the minors were not personally served in the M. E. BROWN VS. EARL I. HARWOOD case which is not the case. This issue has not been raised by the pleadings and certainly cannot now be raised for the first time on Appeal.

"As to the instant suit the minors were sued through their duly and legally appointed Guardian T. E. RYDER, who was represented by the Honorable JAMES ROSS. T. E. RYDER, Guardian, thereby is the legal representative of the minors and can sue and be sued in our courts to determine title to lands and to partition same. Here again the record is completely devoid of any such issue and is being raised for the first time on Appeal and should not be considered."

The judgment, orders and rulings of the trial court are presumptively correct, and generally the appellate court will only consider matters shown by the record. Therefore, to procure a reversal an appellant must bring up a record which affirmatively shows that an error was committed, and that it was of such a nature as was calculated to injure him. Vaughn v. Gulf Ins. Co., Tex.Civ.App., 151 S.W.2d 227, no writ (1941); 3 Tex.Jur., p. 424.

We think appellants have failed to show any fundamental error in this case with respect to the belated question raised by them as to whether the minors were personally served with citation in Cause No. 34,673-B, under the record in this case.

Furthermore the Guardian of the estates of said minors was made a party to the present suit now on appeal, and the Guardian duly answered as hereinbefore referred to, and such procedure is in accordance with law. See the following authorities: Sec. 230(b), Texas Probate Code; In re Dudley's Estate, Tex.Civ.App., 88 S.W.2d 616, no writ (1936).

The Guardian has made no contention that the minors were not served with citation in Cause No. 34,673-B, nor has the Guardian made any contention that there was anything irregular with respect to the appointment of the Guardian ad Litem for the minors in said Cause No. 34,673-B, nor has the Guardian complained of any alleged irregularity in Cause No. 34,673-B. Furthermore, the Guardian has not ap-

pealed from the judgment in the case at bar which awarded the minors a ⅝ths interest in Tract A.

■ Appellants Ruff took title to the interests of Preston Brown and Lucy Kirk through L. P. Caston, Trustee. The deed from Brown and Kirk was simply to L. P. Caston, Trustee. The trust was created by deed without designation of who Caston acted as Trustee for or what his powers were. We think this situation is clearly controlled by the Texas Trust Act and that Caston had ample authority under said act and under the evidence in this case to agree to the partition and to make the agreement in question and to draw for the lots, In this connection see Art. 7425b–25, V.A. T.C.S., which reads in part as follows:

"In the absence of contrary or limiting provisions in the instrument creating the trust, or a subsequent order or decree of a court of competent jurisdiction, the Trustee of an express Trust is authorized:

A. To exchange, re-exchange, subdivide, develop, improve, dedicate to public use, make or vacate public plats, adjust boundaries, *and/or partition real property*, and to adjust differences in valuation by giving or receiving money or money's worth.

*   *   *   *   *   *

E. To compromise, contest, arbitrate or settle any and all claims of or against the Trust Estate or the Trustee as such. To abandon property deemed by the Trustee burdensome or valueless. (Emphasis added).

We are of the opinion that the trial court did not err in considering the judgment in Cause No. 34,673–B, and did not err in its fact finding No. 3, and that the court correctly found that Jere Ruff and Glen Ruff were parties to Cause No. 34,673–B by way of legal representative, L. P. Caston. We find that such finding is supported by evidence of probative force, that the evidence was sufficient and that such finding was not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

Appellants' first and second points are respectively overruled.

We have carefully considered the record in this case and are of the opinion that all of the fact findings of the trial court are supported by evidence of probative force, that they are supported by sufficient evidence and that none of said findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

We also hold that all of the trial court's conclusions of law are correct under the record in this case.

■ We further hold that the trial court did not err in granting plaintiff judgment upon the written agreement in question regardless of the fact that such agreement was not made a part of the record in Cause No. 34,673–B. In this connection see Houston Oil Company of Texas v. Kirkindall, 136 Tex. 103, 145 S.W.2d 1074 (1941), wherein it was stated in part as follows:

"It is well settled in this State that persons who are common owners of land may effect a division or partition thereof by written instrument or deed. 32 Tex. Jur., p. 149, 5. Also, since the partitioning of land is not classed in law as a conveyance thereof, land may be partitioned by parol. Not being a conveyance, the parol partition is not within the purview of the Statute of Frauds. 32 Tex.Jur., p. 149, 5, supra. It is even the rule that married women may partition by parol. Aycock v. Kimbrough, 71 Tex. 330, 12 S.W. 71, 10 Am.St.Rep. 745. It is also settled that a parol partition setting apart to one of the parties personal property, and to the other land, without any actual division of the land, would make no difference in the general principles of parol partition. Edds v. Edds, Tex.Civ.App., 282 S.W. 638, writ refused."

Appellants' points 3 through 11 are respectfully overruled.

Finding no reversible error in the record, the judgment of the trial court is accordingly affirmed.

Affirmed.