MISSION MUNICIPAL HOSPITAL,
Appellant,

v.

Edward BRYANT et ux., Appellees.

No. 1243.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 29, 1977.

Ronald B. Layer, Rankin & Kern, Inc., McAllen, for appellant.

Oscar Alvarez, Texas Rural Legal Aid, Inc., Weslaco, for appellees.

## OPINION

BISSETT, Justice.

■ This is a statute of limitations case. The sole question presented is whether the plaintiff's petition shows on its face that the action brought against defendants was barred by Tex.Rev.Civ.Stat.Ann. art. 5526(5) (1958).

The action is in sworn account. Mission Municipal Hospital filed its sworn petition in the County Court at Law of Hidalgo County, Texas, on March 1, 1976. Defendants, among other defenses, by a plea in bar, pled that plaintiff's action was barred by art. 5526(5) because the petition shows on its face that none of the medical goods and services described therein were furnished defendants "within two years previous to the commencement of this action". The trial court sustained the plea and dismissed plaintiff's action with prejudice.

Plaintiff has appealed. We reverse and remand.

The judgment, insofar as this appeal is concerned, recites:

"On this the 6th day of January, 1977 . . . came the PLAINTIFF by and through its attorney of record and announced ready for Pre-Trial, and came the DEFENDANTS by and through their attorney of record and announced ready for a Pre-Trial, and the Court, after hearing the argument of counsel and examining the pleadings, the Defendants' affidavit on file in support of their Plea in Bar, and the Memorandums of Law submitted by the Parties concerning the tolling of the statute of limitations, without hearing any oral testimony or receiving exhibits, is of the opinion that Paragraph 1 of DEFENDANTS' PLEA IN BAR raising limitations is well taken and that the same should be sustained . . .

\* \* \* \* \* \*

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Paragraph 1 of DEFENDANTS' PLEA IN BAR be and it is hereby in all things sustained to which action PLAINTIFF in open Court excepted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the above entitled and numbered cause be and the same is hereby dismissed with prejudice . . ."

The judgment was signed on April 1, 1977. There is nothing in the record which indicates that the trial judge made any pronouncement from the bench in open court before April 1, 1977.

There is no showing in the record that defendant's plea in bar that raised limitations as an affirmative defense to plaintiff's action was ever set down for hearing by the trial court, or that a hearing was had thereon. The record does reveal that a pre-trial conference was held on January 6, 1977. On that date, plaintiff's first amended petition, which was filed on November 3, 1976, constituted its live petition. With respect to the issue here presented, it was alleged therein that "medical goods and services"

were furnished defendants "on or before the 19th day of December, 1973" in the total amount of $1,194.70; that there is due and unpaid thereon, after allowing all credits to which defendants are entitled, the sum of $425.77, which is past due and unpaid "and has been since March 10, 1974". Also defendants, on the date of the pre-trial conference, filed an affidavit among the papers of this cause, entitled "AFFIDAVIT IN SUPPORT OF DEFENDANTS' PLEA IN BAR", the pertinent parts of which read:

"That on January 9, 1974, Defendant Edward Bryant was released from Plaintiff hospital, and we then and there informed Plaintiff of our inability to retire the balance due on our account."

Plaintiff filed its second amended original petition on January 21, 1977, and alleged that "medical goods and services totalling $1,194.70" were furnished defendants "on or before the 19th day of December, 1973"; that after allowance of all credits there is still due the sum of $425.77, which is past due and unpaid "and has been since May 5, 1974". It was further alleged:

"The account was covered by Medicare and the agreement and understanding of the parties was that the account was and could not be due until Medicare paid and it was therefore known Medicare would pay any of the bill, if so the amount it would pay, and whether it would pay all. Medicare paid on May 5, 1974, which was when plaintiff learned whether it would pay and the amount paid. Until this point it was not known what was due . . ."

In view of our decision to reverse the judgment of the trial court and to remand the cause under plaintiff's second point of error, it is not necessary that we consider any of the remaining points. Plaintiff, in its second point, complains that the trial court erred in sustaining defendants' plea in bar because there was no evidence to support the implied finding that limitations had run against plaintiff's cause of action as a matter of law. We agree. We can only conclude from the record before us,

that the plea in bar was sustained solely on what the file revealed as of the date of the pre-trial conference on January 6, 1977. Each party to this appeal has made statements in their briefs which are disputed by the other and which are not substantiated by the record. We do not consider any of the statements which are not borne out by the record. We dispose of this appeal solely on one of the points brought forward, the contents of the transcript, and the recitals in the judgment.

█ The purpose of a pre-trial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action. The trial court may, in a pre-trial conference, among other things, consider all dilatory pleas and all motions and exceptions relating to a suit pending; the necessity or desirability of amendments to the pleadings; the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; and such other matters as may aid in the disposition of the action. "The court shall make an order which recites the action taken at the pre-trial conference, the amendments allowed to the pleadings, the time within which same may be filed, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice". Rule 166, T.R.C.P. Such an order was not made in the instant case.

The Supreme Court of Texas, in *Kelley v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208, 214 (1958), said:

". . . defenses 'in bar' are not the proper subject matter of disposition on mere preliminary hearing before the court like pleas in abatement, although a speedy and final judgment may be obtained on the basis of matters in bar and without the formality of a trial on the merits, if the parties so agree or if recourse is had to the process of summary judgment where contested fact issues are not present . . ."

We have examined the transcript carefully and conclude from our perusal of the contents therein that defendants' "Plea in Bar" cannot be interpreted or considered as a motion for summary judgment. Neither it nor the "Affidavit" filed in support thereof meet the requirements of Rule 166–A, T.R.C.P. The record is silent as to any agreement between the parties to the effect that the trial court could consider the plea in bar at the pre-trial conference.

█ The trial court, following the conclusion of the pre-trial conference, did not make any ruling with respect to the amendment of pleadings. Therefore, plaintiff was at liberty to amend. It did so on January 21, 1977. The trial judge had that pleading, plaintiff's second amended original petition, before him at the time judgment was signed. Under the circumstances, the trial judge could not ignore the allegations therein contained with respect to the asserted "agreement" between the parties. The allegations created a fact issue.

There is no warrant for the summary disposition of the plea in bar which was made in this case. No evidence was introduced to support the claim made by defendant in their plea in bar. The "Affidavit" of the defendants cannot be considered as evidence which establishes, as a matter of law, that the two-year statute of limitations had run on plaintiff's asserted cause of action when plaintiff filed this suit. The "arguments of counsel" and "memorandums of law" do not furnish a basis which will support the judgment. Plaintiff's second amended original petition does not show on its face that the asserted action is barred as a matter of law under the invoked statute of limitation. Plaintiff's second point is sustained.

We reverse the judgment of the trial court and remand the case to the trial court with instructions to reinstate the case on its docket.

REVERSED and REMANDED with instructions.