**James H. GRIFFIN, Trustee et al., Appellants,**

v.

**Jack A. WOLFE, Appellee.**

**No. 20530.**

Court of Civil Appeals of Texas, Fort Worth.

April 24, 1980.

Rehearing Denied May 22, 1980.

Greenwood, Koby & Bussey and O. W. Bussey, Jr., Houston, for appellants.

Jennings, Montgomery, Dies & Turner and Elton M. Montgomery, Graham, John R. Lindsey, Jacksboro, for appellee.

OPINION ON PROPRIETY OF APPEAL

PER CURIAM.

The purported appeal is demonstrated by the transcript to be untimely. This fact we were unable to ascertain until it was tendered for filing. Antecedently, we were presented with a motion for extension of time within which to file it. Fortunately the transcript was tendered before date for that motion to be heard.

The appellee, seeking to prevent acceptance of any record on appeal, and, in the event there should be such acceptance seeking to obtain its dismissal, filed all the papers he could conceive to be proper in demonstration of his contentions.

The order of the trial court, from which appeal is sought to be taken, was signed and entered on December 13, 1979 and labeled "Preliminary Decree". Therein was the finding that certain real property belonging to the parties was susceptible of partition in kind. It decreed that partition in kind should be made, and appointed commissioners to make the partition.

Obviously the proceedings were pursuant to our Tex.R.Civ.P. in its PART VII, "Rules Relating to Special Proceedings", Section 3, "Partition Of Real Estate" Rules 756 to 771. Of these Rule 760, "Court Shall Determine, What" provides that the court determine the respective share or interest of each of the joint owners or claimants and any questions affecting title to the land sought to be partitioned. Rule 761, "Appointment of Commissioners" provides (obviously immediately following or at the same time) that upon a finding that the property or any part thereof is susceptible of partition in kind that there be the appointment of commissioners to make the partition. (Thereafter the Rules provide for appropriate action, culminating in division of the property, yet with opportunity afforded for a trial of issues upon propriety of the division made.)

Our material concern is whether appeal lies from the "decree of partition and appointment of commissioners" by Rules 760 and 761, and, if so, whether such an appeal is controlled by the Rules relating to appeals from final judgments or by those relating to appeals from interlocutory orders.

An appeal does lie from such "decree of partition and appointment of commissioners"; and on this the parties are wholly in accord. We need not discuss.

██ The parties are not in accord otherwise. Our holding is that the appeal is controlled by Tex.R.Civ.P. 385, "Appeals From Interlocutory Orders"; that Rules relative to appeals from final judgments are without application.

By Rule 385 "there shall be no motion for a new trial, and the trial judge need not file findings of fact or conclusions of law". The Rule further provides that in the event of an appeal the appeal bond must be filed within twenty (20) days from date of the order, and that the record of proceedings shall be filed in the appellate court within the same twenty (20) days. On the latter requirement the appellate court is authorized, upon good cause shown, to extend such time limit. However, the authority is made to depend upon the appealing party having moved for extension of time within twenty-five (25) days from the date of the trial court's order.

██ In this case there was misconception of applicable rules with failure to abide by the provisions of Rule 385. The result was that no appeal was effected—on account of untimely delay—and this appellate court was never invested with jurisdiction.

The clerk is accordingly directed to decline to accept the transcript tendered. The motion for extension of time within which to file it is dismissed for want of authority of this court to entertain it.