James H. GRIFFIN, Trustee, et al., Appellant,

v.

Jack A. WOLFE, Appellee.

No. 18540.

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1981.

Greenwood, Koby & Bussey, and O. W. Bussey, Jr. and Jeanette H. Quay, Houston, for appellant.

The Montgomery Law Firm and Elton M. Montgomery, Graham, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

James H. Griffin, Trustee of Katie I. Griffin Testamentary Trust, et al. (hereinafter referred to as Griffin), is appealing from a preliminary decree for partition of real estate rendered in this cause on December 13, 1979. By judgment of the Supreme Court of Texas of December 17, 1980, such decree was held to be a final judgment. (610 S.W.2d 466 [reversing 610 S.W.2d 153].) Griffin asserts that the trial court erred in its entry of the preliminary decree by refusing to consider his affirmative defenses.

We find Griffin's appeal to be without merit and affirm the trial court.

Jack A. Wolfe filed suit seeking partition of real property pursuant to Tex.Rev.Civ. Stat.Ann. art. 6082 (1970) and the provisions of Tex.R.Civ.P. 756 et seq. Griffin and the Hiltons opposed the partition on the grounds that (1) it was neither equitable nor feasible to partition the property in kind between plaintiff and defendants because of the location, nature and inequality in the size of the various individual tracts of land in question and because of the incalculable potential for the exploration of oil and gas from some, if not all, of the tracts; (2) it was neither equitable nor feasible to partition the land by sale because it would work an undue hardship on the present owners and would likely result in a large loss if sale were forced and because there is a distinct possibility that oil and gas would be discovered under some, if not all, of the tracts, so that any present sale would serve merely as a guessing game as to its real value; and (3) Wolfe purchased his portion of said properties from the Hiltons, also defendants in this case, with the understanding that Wolfe would purchase the interest of the Trustee and Beneficiaries or sell his interest to the Trustee and Beneficiaries on the same terms upon which Wolfe was purchasing same from the Hiltons, that the Hiltons relied on that promise, and as a result of plaintiff's breach of promise, the Hiltons are entitled to have the transaction rescinded.

The Hiltons are not parties to this appeal; Griffin is the only complainant.

On October 11, 1979, the trial court held a pre-trial hearing at which time it took under consideration objections and exceptions to the pleadings by both parties. On October 22, 1979, the court entered a pre-trial order which, inter alia, severed all issues except those involving statutory partition, sustained Wolfe's special exceptions to the

first amended answer of Griffin and the Hiltons and ordered them to replead by filing their second amended original answer. The order limited the amended answer of Griffin and the Hiltons to (a) allegations as to which tracts are not susceptible of an equitable division in kind and (b) as to such tracts, what facts said defendants intend to prove in support of their claim that a partition in kind would be inequitable to them with the result that the court would be called upon to order a sale and division of the proceeds derived therefrom. In addition, the order warned said defendants that if they failed to so replead, they would have to go to trial upon their general denial and that no other defensive pleading would be referred to before the jury.

On October 29, 1979, a hearing was held at which all parties appeared by their attorneys wherein it was agreed that a preliminary decree would be entered by agreement subject only to the fact that Griffin and the Hiltons were "preserving the claim of error on the part of the court in ordering that there would be a partition either 'in kind' or by sale and a division of the proceeds derived therefrom." On December 13, 1979, the preliminary decree ordering a partition in kind and referral to special commissioners for that purpose was signed.

■ Griffin appeals asserting that the court erred in entering its pre-trial order and preliminary decree because, in effect, he was deprived of his right to assert affirmative defenses and title defects. Griffin argues that the trial court refused to consider any defenses or equitable issues and thus by entering its preliminary decree deprived him of his right to assert defects in the title of plaintiff as defensive issues. We do not agree. The record reveals that Griffin was given every opportunity to raise any defenses he might have had and that he raised no real defense which would prevent partition of the real property as provided by statute.

Clearly the trial court acted within its discretion in holding a pre-trial conference and in entering a preliminary decree based upon the action taken at the pre-trial conference.

■ The purpose of a pre-trial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action. The trial court may in a pre-trial conference, among other things, consider all dilatory pleas and all motions and exceptions relating to a suit pending; the necessity or desirability of amendments to the pleadings; and such other matters as may aid in the disposition of the action. "The court shall make an order which recites the action taken at the pre-trial conference, the amendments allowed to the pleadings, the time within which same may be filed, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Tex.R.Civ.P. 166; *Mission Municipal Hospital v. Bryant*, 563 S.W.2d 293 (Tex.Civ.App.—Corpus Christi, 1977, rev'd on other grounds).

■ After plaintiff Wolfe's exceptions were sustained, defendants' answer consisted of only a general denial. Defendants were given an opportunity to amend which they did not do. Wolfe established his right to a partition of the real estate in question pursuant to Tex.Rev.Stat.Ann. art. 6082 (1970) which provides:

"Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter."

It appears from a review of the record that Griffin's intent in this appeal is to delay the partition of the land. There is no evidence in this record that the defendants raised any real defense to the plaintiff's right of partition as provided by art. 6082, although given every opportunity to do so.

Griffin's points of error are overruled. Judgment is affirmed.