Dierschke 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-203-CV





MARVIN A. DIERSCHKE, TRUSTEE,



 APPELLANT


vs.





CENTRAL NATIONAL BRANCH OF FIRST NATIONAL BANK AT LUBBOCK,



 APPELLEE



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT



NO. CV91-1557-C, HONORABLE DICK ALCALA, JUDGE PRESIDING



 





 Appellee, the Central National Branch of First National Bank at Lubbock ("the
Bank"), filed suit for specific enforcement of a partition agreement against appellant Marvin A.
Dierschke in his capacity as trustee of five trusts created for his children. (1) After a bench trial,
the district court ordered partition according to the agreement. Dierschke appeals in his capacity
as trustee, presenting the novel situation of a trustee challenging his own actions as beyond the
powers granted to him by the trust document. We will affirm the district court judgment.



BACKGROUND


 At the center of this dispute is approximately three hundred twenty-five acres of
farmland located in Tom Green County, Texas. Prior to 1991, this land was co-owned by Marvin
Dierschke's five children's trusts, and individually by Marvin and Janis Dierschke, with the trusts
and the couple each owning an undivided one-half interest. The Bank held a first and prior lien
on the Dierschkes' undivided one-half interest in the land to secure the repayment of a promissory
note in the amount of $780,000.

 Pursuant to a Chapter 12 reorganization plan filed by the Dierschkes, Marvin
Dierschke in his capacity as trustee (hereinafter "Trustee"), the Dierschkes, and the Bank entered
into a written agreement to partition the land dated November 20, 1989. The agreement provided
that either party could demand partition of the land upon notice to the other owners. The
agreement further stated that all owners agreed that the land was susceptible to partitioning, listed
several appraisers that could be used by the owners, and allocated the appraiser's costs among the
owners.

 The Dierschkes subsequently defaulted on their reorganization plan, and the
automatic bankruptcy stay was lifted. The Bank could then foreclose on their deed of trust lien,
and the Bank obtained title to an undivided one-half interest in the land through a trustee's deed
dated May 7, 1991. The Bank then tried to enforce the partition agreement. The Bank selected
three different appraisers listed in the agreement, but the Dierschkes rejected their selections. 
After these rejections, the Bank filed the underlying lawsuit for specific enforcement of the
partition agreement. During the suit, the Bank and the Trustee entered an agreed order appointing
an appraiser. After a bench trial, the trial court rendered judgment in favor of the Bank, finding
that the partition agreement was enforceable and ordering the land partitioned according to the
recommendation of the appraiser.

 The Trustee challenges the district court judgment, contending that the terms of the
trusts prohibited him, in his capacity as trustee, from entering into the partition agreement. In his
first point of error, the Trustee contends that the trial court erred by enforcing the partition
agreement "because bank had prior knowledge of spendthrift provisions and therefore knew
trustee lacked authority to enter into an agreement to partition trust corpus without notice to,
consent of, or ratification by beneficiaries." In his second point of error, the Trustee contends
that the trial court abused its discretion in ordering partition because partition of the land resulted
in an economic loss to the beneficiaries of the trusts.



DISCUSSION


 Underlying the Trustee's first point of error is the premise that because his
children's trusts were spendthrift trusts, he lacked the power as trustee to agree to partition land
owned by the trusts without his children's approval. This first point of error requires a review
of the nature of both partition and spendthrift trusts.

 An undivided possessory interest in property is a tenancy in common. Rittgers v.
Rittgers, 802 S.W.2d 109, 113 (Tex. App.--Corpus Christi 1990, writ denied); Freeman v.
Southland Paper Mills, Inc., 573 S.W.2d 822, 824 (Tex. Civ. App.--Beaumont 1978, writ ref'd
n.r.e.). Partition dissolves a tenancy in common, vesting in each owner a sole estate in a specific
portion of land. Partition of a tenancy in common affects the right to possession, but not the title
of the property. Tex. Prop. Code Ann. § 23.004(c) (West 1984); Houston Oil Co. v. Kirkindall,
145 S.W.2d 1074, 1077 (Tex. 1941); Rittgers, 802 S.W.2d at 113. Partition leaves title as it was,
but segregates the rights of owners, locating them in distinct parts of the premises. Edwards v.
Worthington, 118 S.W.2d 328, 331 (Tex. Civ. App.--Amarillo 1938, no writ) (quoting Chace v.
Gregg, 32 S.W. 520, 522 (Tex. 1895)). Partition thus enables cotenants to sever their rights of
possession and thereafter hold exclusive possession of specific parts of property to which all joint
owners had an equal right of possession prior to partition. Garza v. Cavazos, 221 S.W.2d 549,
552 (Tex. 1949); Tieman v. Baker, 63 Tex. 641, 643 (1885).

 Cotenants may voluntarily partition land by written agreement. Houston Oil Co.,
145 S.W.2d at 1077; Ruff v. Brown, 446 S.W.2d 103, 112 (Tex. Civ. App.--Texarkana 1969, no
writ). However, all cotenants must participate in a voluntary partition. Joyner v. Christian, 113
S.W.2d 1229, 1232-33 (Tex. 1938); State v. Kirkpatrick, 299 S.W.2d 394, 397 (Tex. Civ.
App.--Dallas 1957, writ ref'd n.r.e.). When cotenants cannot agree among themselves to a
voluntary partition, a cotenant may compel partition by judicial proceedings. Tex. Prop. Code
Ann. § 23.001 (West 1984). The right to compel partition is absolute. Id.; Ware v. Ware, 809
S.W.2d 569, 571 (Tex. App.--San Antonio 1991, no writ); Griffin v. Wolfe, 626 S.W.2d 895, 897
(Tex. App.--Fort Worth 1981, no writ). However, an owner of a nonpossessory interest can
neither compel nor defeat partition and is not a necessary party to a partition suit because their
title is not affected by partition. Texas Oil & Gas Corp. v. Ostrom, 638 S.W.2d 231, 233-34
(Tex. App.--Tyler 1982, writ ref'd n.r.e.); Douglas v. Butcher, 272 S.W.2d 553, 555 (Tex. Civ.
App.--San Antonio 1954, writ ref'd n.r.e.).

 The Texas Trust Code expressly gives a trustee the power to partition real property. 
Tex. Trust Code Ann. § 113.009(1) (West 1984). The provisions of the Trust Code, however,
are default rules that govern only in the absence of contrary provisions in the trust agreement
itself. Tex. Trust Code Ann. § 111.002(a) (West 1984). 

 The five trusts in this case contain spendthrift provisions. A spendthrift provision
prohibits the beneficiary from anticipating or assigning his or her interest in, or income from, the
trust. Tex. Trust Code Ann. § 112.035(a) (West 1984); Hines v. Sands, 312 S.W.2d 275, 278
(Tex. Civ. App.--Fort Worth 1958, no writ); Long v. Long, 252 S.W.2d 235, 246 (Tex. Civ.
App.--Texarkana 1952, writ ref'd n.r.e.). A spendthrift provision protects the beneficiary's
interest in trust corpus and income from claims of the beneficiary's creditors while the corpus and
income are held by the trustee. This is true even for income that has already accrued to the
beneficiary but is still held by the trustee. First Bank & Trust v. Goss, 533 S.W.2d 93, 95 (Tex.
Civ. App.--Houston [1st Dist.] 1976, no writ); Hines, 312 S.W.2d at 278. Spendthrift trusts are
valid under Texas law, except where the settlor creates a trust with himself as the beneficiary. 
Adams v. Williams, 248 S.W. 673, 678 (Tex. 1923); Goss, 533 S.W.2d at 95. 

 The Trustee's first point of error, that the trial court erred in enforcing the partition
agreement because his children's trusts were spendthrift trusts, misconstrues the effect of a
spendthrift provision. A spendthrift provision clearly limits the power of a trust's beneficiaries. 
A spendthrift provision does not, however, limit the power of a trustee to administer trust
property. The Dierschke trusts are no different. The spendthrift provision from the Cheryl Lynn
Dierschke trust (2) reads as follows:



The beneficiary of this trust is hereby restrained from anticipating, encumbering,
alienating or in any other manner assigning or disposing of her interest in either
principal or income of such trust estate and is without power to do so; nor shall
such interest be subject to her liabilities or obligations or to judgment, garnishment
or other legal process, or bankruptcy proceedings, or any claims of creditors or
other parties.



(emphasis added). Since this provision does not mention the trustee, the provision cannot limit
the trustee. The "spendthrift" that the provision pertains to is not the trustee, but the beneficiary
of the trust.

 Nor do other provisions in the trusts prohibit the trustee from partitioning land. 
The Trustee points to paragraph (g), which prohibits the trustee from selling, purchasing,
exchanging, or otherwise dealing with or disposing of all or any part of the corpus or income of
the trust "for less than an adequate consideration in money or money's worth." The Trustee also
points to the provision providing that the trustee shall have the "authority granted to the Trustee
by the Texas Trust Act, as presently amended or as hereinafter amended," in addition to those
powers granted specifically by the trust. The Trustee would have us find a conflict between these
two provisions.

 We fail to see any conflict. Nothing in the record indicates that the exchange of
the trusts' undivided one-half interest in the land for the full interest in half of the acreage
pursuant to the surveyor's plan was an exchange "for the less than an adequate consideration." 
Thus, paragraph (g) does not conflict with the trust provision granting the trustee the powers
granted by the Trust Code, which in turn grants the trustee the power to partition real property. 
Tex. Trust Code Ann. § 113.009(1) (West 1984).

 The Trustee, however, argues that it is inequitable for the beneficiaries to be
protected from themselves but not from breaches of fiduciary duty by the trustee. The Trustee's
argument essentially is that the trust agreement is void because as trustee he violated his fiduciary
duty to the beneficiaries by partitioning the property. Even if we had found that the Trustee had
acted beyond those powers granted by the trust, this argument lacks merit. The Trustee confuses
his duty to act as trustee with his capacity to act as trustee. If the Trustee had acted beyond his
capacity as trustee in making an agreement, the agreement might be voidable. However, a breach
of a fiduciary duty by the Trustee would not render the agreement voidable, but would only
potentially subject the Trustee to a suit by the beneficiaries.

 The Trustee also contends in his first point of error that the partition agreement was
not binding because it was made "without notice to, consent of, or ratification by [the]
beneficiaries." However, the fact that the beneficiaries did not join in the partition agreement
does not affect the validity of the agreement because the agreement did not affect any interest of
the beneficiaries. A trustee holds legal title to trust property under a fiduciary duty to deal with
it for the benefit of the beneficiaries, who hold equitable title. Perfect Union Lodge #10 v.
InterFirst Bank, 748 S.W.2d 218, 220 (Tex. 1988). "In any active trust the legal title and right
of possession are vested in the trustee, and the beneficiary has the equitable title only, without
possession or right of possession." Long, 252 S.W.2d at 247; Jameson v. Bain, 693 S.W.2d 676,
680 (Tex. App.--San Antonio 1985, no writ) ("[T]he trustee is vested with the legal title and the
right of possession of the trust property, but holds it for the benefit of the beneficiary."). Since
partition affects only the right of possession and not the title of the land, the beneficiaries'
interests were unchanged by the agreement to partition the land held by the trusts and the
subsequent partition pursuant to the agreement.

 Additionally, the beneficiaries were parties to the partition agreement by way of
their representation by the Trustee. Ruff, 446 S.W.2d at 112 (upholding lower court finding that
beneficiaries were parties to partition agreement "by way of their legal representative," the
trustee). The very essence of a trustee's role is to represent the interests of the beneficiaries. 
Finally, if all beneficiaries of a trust were required to be joined to effect a voluntary partition of
trust land, a trustee's power to partition under the Trust Code would be meaningless.

 The cases cited by the Trustee are not contrary to our conclusion. The Trustee
cites court of appeals decisions which state that a voluntary partition of land must be based upon
the agreement of all parties with a possessory interest in the land. See Joyner, 113 S.W.2d at
1231 (partition void for nonjoinder of party with one-sixth interest in land); Brito v. Slack, 25
S.W.2d 881, 884-85 (Tex. Civ. App.--El Paso 1930, no writ) (holder of life estate not joined); cf.
Turner v. Pope, 137 S.W. 420, 422 (Tex. Civ. App.--Galveston 1911, writ dism'd) (partition
without consent of co-tenant invalid "unless it is shown that the partition so made was a just and
equitable division"). As we have explained, the trustee, not the beneficiaries, holds the
possessory interest in the land.

 In his brief, the Trustee states that "[o]ne of the beneficiaries of the trust, Cheryl
Lynn Dierschke, did not receive the required statutory notice from Appellee of the nature of the
litigation." Our review of the record reveals that not only did Cheryl Lynn Dierschke receive
notice of the pending lawsuit, she was served with petition and citation, answered, and was a party
in the proceedings below. The Trustee's first point of error is overruled.

 In his second point of error, the Trustee argues that the trial court abused its
discretion by failing to protect the interests of the beneficiaries in enforcing the partition
agreement, thereby "resulting in economic loss to [the] beneficiaries." We fail to see how the
beneficiaries were harmed by the partitioning of the property. As a cotenant, the Bank could have
compelled partition of the land. Tex. Prop. Code Ann. § 23.001 (West 1984); Ware, 809 S.W.2d
at 571; Griffin, 626 S.W.2d at 897. Presumably, by voluntarily agreeing to partition, the Trustee
avoided the expenditure of trust money on the costs of litigation and prevented economic loss to
the beneficiaries. See Tex. Trust Code Ann. § 113.019 (West 1984) ("A trustee may
compromise, contest, arbitrate, or settle claims of or against the trust estate or the trustee.").

 Further, the trusts retain the same amount of land. The Trustee is correct in noting
that the trusts no longer retain the right to possess an undivided interest in the entire property, but
the beneficiaries never had this right of possession; the right of possession was lodged with the
trustee's legal title. Jameson, 693 S.W.2d at 680; Long, 252 S.W.2d at 247. The Trustee argues,
however, that the beneficiaries have lost the benefit of their one-half interest in the trusts'
proceeds from farming all of the land. He argues that they have lost the benefit of economies of
scale; a full interest in the proceeds from farming half of the land is less than a one-half interest
in the proceeds from farming all of the land. While this may be true, the fact remains, however,
that the trusts had the right to farm all of the land only as long as the cotenant Bank chose not to
demand partition, which was the Bank's absolute right. The Trustee's second point of error is
overruled.


CONCLUSION


 Finding no error, we affirm the judgment of the district court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: January 12, 1994

Publish
1. [1]  The five trusts are the Grant Steve Dierschke Trust, the Christy Ann Dierschke Trust,
the Dana Joy Dierschke Trust, the Cheryl Lynn Dierschke Trust, and the Brian William
Dierschke Trust. Brian William Dierschke and Cheryl Lynn Dierschke were parties to the
lawsuit below, but do not join in this appeal. The beneficiaries of the other three trusts
received individual notice of the suit and were represented in the suit by Dierschke in his
capacity as trustee.
2. [2]  The spendthrift provisions in the five trusts have identical wording.