**Norris M. DONLEY et ux., Appellants,**

**v.**

**Walter G. HUNTER, Sr., Appellee.**

**No. 15215.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 14, 1968.

Joe J. Newman, Houston, J. T. Maroney, Jr., Lufkin, for appellants.

Franklin R. Navarro, A. W. Clem, Houston, for appellee.

PEDEN, Justice.

This is a child custody suit. Relators, Mr. and Mrs. Norris M. Donley, who are the maternal grandparents of Damita Jo Hunter, filed a habeas corpus proceeding seeking custody of Damita Jo from the Respondent, Walter G. Hunter, Sr., her paternal grandfather. Neither of Damita Jo's parents is living.

After a hearing before the court without a jury, the trial court found that both the petitioners and the respondent are fit and proper persons to have the care, custody and control of Damita Jo but that it is for her best interest that she be placed with respondent, Walter G. Hunter, Sr. Relators have perfected their appeal from the order awarding custody to Mr. Hunter.

We affirm the judgment of the trial court.

Appellants' points of error are:

FIRST POINT: The Court erred in giving the care, custody and control of said minor child to the Appellee for the reason that it was affirmatively found that the Appellants were fit and proper persons to have the care, custody and control of said minor child, DAMITA JO HUNTER.

SECOND POINT: The Court erred in giving the care, custody and control of said minor child to the Appellee for the reason that it was affirmatively shown that said minor child, DAMITA JO HUNTER, had been placed with the Appellants for approximately three years by the deceased father, WALTER HUNTER, JR., prior to his death and subsequent to the death of his wife, the mother of said child.

THIRD POINT: The Court erred in giving the care, custody and control of said minor child to the Appellee for the reason that it was affirmatively shown that the last surviving parent of said minor child, DAMITA JO HUNTER, had made his selection of the grandparents who were more fit and able to take care of said minor child by his acts and conduct in leaving said child with said maternal grandparents, a short time prior to his death.

FOURTH POINT: The Trial Court abused his discretion in placing the custo-

dy of said minor child, DAMITA JO HUNTER, with the Appellee.

■ In determining the question of whether the trial court abused its discretion in awarding custody to appellee we consider the whole record. Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup.1966). This we have done. The evidence shows that the child's parents were living with appellants in Lufkin when she was born on December 30, 1960, and that they continued to live there until they moved to New Jersey in the spring of 1963. After the death of her mother in New Jersey in September of 1964, Damita Jo was brought to Lufkin by her father when her mother was buried.

There is conflicting testimony as to whether Damita Jo then stayed with appellants until December of 1965 or whether she stayed with appellee in Houston from September, 1964 until late November of 1964 and was with appellants only from late November, 1964 until late June, 1965.

There is testimony that in July, 1965, her father took Damita Jo back to New Jersey, where he died on July 17, 1966. Damita Jo was injured in the collision which took her father's life, and she was hospitalized until September of 1966, when appellants brought her back to Lufkin. She remained there with them until December 27, 1966; from then until the date of the hearing in the trial court, June 29, 1967, she was in the home of the appellee in Houston.

Appellants surrendered Damita Jo to the appellee on December 27, 1966, pursuant to a temporary order from a Superior Court in New Jersey. We mention this order only to show the basis on which appellants brought Damita Jo to appellee.

In our case the trial judge was not asked to make a finding as to whether Damita Jo's father had selected appellants to care for her a short time before his death, and the trial judge made no finding on this point.

Nor was a finding requested or made in support of appellants' second point: that Damita Jo was placed with appellants for approximately three years between the death of his wife and his own demise.

There is evidence in the record to indicate that during what was actually a twenty-two month interval between the deaths of Damita Jo's parents she spent seven months with appellants, over two months with appellee and the rest with her father.

Appellee and his wife have adopted another child, also a girl. The evidence amply supports the trial court's finding that the parties on both sides are fit and proper persons to have custody of Damita Jo.

Appellants cite Herrera v. Herrera, supra, and Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963), to support their contention that the trial court erred in granting custody to appellee. But in those cases the Supreme Court held that there was no abuse of discretion in preserving family ties which had been established in the environment in which the child had been living for the last several years.

■ We think the family ties established by Damita Jo in the homes of the parties are comparable. There is competent evidence that in the last two years she spent less than four months with appellants, and during the last six months before the hearing she was with the appellee.

■ Although the facts are different, we think the quotation from Mumma v. Aguirre, supra, recently made in the opinion in Herrera v. Herrera, supra, is particularly appropriate here:

"It is in situations with such conflicting considerations that the trial judge must be accorded the right to exercise a large measure of discretion in denying a change of custody of a child. He has an opportunity to observe and evaluate the personalities of the contending claimants, to weigh the credibility of their testimony, to assess the physical, mental, moral and emotional needs of the child, and to adjudge from personal observation which of

the claimants can best meet the needs of the child. His judgment should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him."

The judgment of the Trial Court is affirmed.